# WILLIAM P. NOLAN, ESQ.

1103 STEWART AVENUE, SUITE 200
GARDEN CITY, NEW YORK 11530

TEL: (516) 280-6633
FAX: (516) 977-1977

wpnesq@gmail.com

OF COUNSEL
WILLIAM S. PETRILLO, P.C.

Magistrate Judge Steven Locke
United States District Court, Eastern District
100 Federal Plaza
Central Islip, NY 11722

February 10, 2016
Re: Hayes v. County of Nassau, et al.
15-CV-0398 (JFB) (SIL)

Dear Magistrate Judge Locke:

Please be advised that we represent the plaintiff, Bobby Hayes in the above referenced matter. This action arose out of an arrest of Bobby Hayes on January 29, 2014 in Nassau County. Plaintiff's allegations sound in false arrest, false imprisonment, malicious prosecution and pendant state court claims. Plaintiff spent 8 days in jail and after a video tape of the incident was provided to the Nassau District Attorney's office the charges against Mr. Hayes were dismissed.

This letter motion is submitted concerning outstanding discovery issues. We have corresponded extensively with Mr. Richard Femia, counsel for the County in an effort to reduce any areas of disputed discovery. In particular, Mr. Femia informed me that he has been in the process of compiling documents to plaintiff's documentary requests. Prior to the holidays, I was informed by Mr. Femia that he had received approximately 1100 pages of documents from the County of Nassau which he needed to review and would serve a privilege log with regard to the documents. On February 2, 2016 defendants served a privilege log with regard to 1042 documents concerning civilian complaints and Internal Affairs investigations with regard to defendants Arena and Ellison. As a result of the service of defendant's privilege log we seek court intervention to resolve these issues. Annexed as Exhibit A are plaintiff's document demands. Annexed as Exhibit B is Defendant County's response to plaintiff's document demands. Annexed as Exhibit C is Defendant County's privilege log.

The application herein seeks to compel production of certain documents within a defined timeline and additionally seeks to resolve certain discovery disputes with the County and seeks further to extend the time to conclude discovery herein. The parties have conferred and we respectfully request a conference with the Court to discuss these issues. The parties are available on February 18 or February 29, 2016 or a date convenient with the Court to hold a conference. I am away on vacation the week of February 2, 2016 and will not be available for a conference. The parties also respectfully request a six month extension of time to conclude discovery. It is

impossible to begin discovery of the involved Officers by way of depositions until we have compliance with document requests.

We provide the Court with the following facts delineated in the plaintiff's complaint as they are the basis for a number of discovery demands which were requested. On or about January 29, 2014, at approximately 4:00 p.m., the plaintiff was lawfully in front of the barbershop located at 719 Hempstead Turnpike, Nassau County, New York. Plaintiff was approached by two plainclothes police officers, later identified as Police Officer Carl Arena and Police Officer Peter J. Ellison who were driving an unmarked police vehicle.

Plaintiff was falsely arrested and charged with Resisting Arrest, an A misdemeanor, Disorderly Conduct, a violation and Unlawful Possession of Marihuana, a violation. A video tape of the incident clearly demonstrates the plaintiff was in no way behaving in a disorderly manner nor did he resist arrest.

Defendant Police Officer Carl Arena and Defendant Police Officer Peter J. Ellison under oath averred in criminal complaints dated January 29, 2014 that the plaintiff used profane and threatening language and caused alarm and annoyance to a mix of elderly and small children who gathered. The video tape of the arrest does not depict any elderly people or small children at the scene of the arrest as sworn to by Officer Arena and Officer Ellison. Nor does the video tape demonstrate that Mr. Hayes resisted arrest or used the profane and racially threatening language as sworn to by the arresting officers.

To ensure that the Plaintiff was wrongfully and improperly prosecuted and imprisoned the defendant Police Officer's informed the Nassau District Attorney's office of the fabricated inflammatory, threatening and racially based statements which they attributed to the Plaintiff Based on the charges of Resisting Arrest and Disorderly Conduct, the plaintiff's attorney requested he be released on his own recognizance. The District Attorney office incredibly requested $50,000 bail and bail was set in the sum of $20,000 bond or $10,000 cash. ADA Lewis specifically informed the Court "that during the arrest process the defendant did threaten the police officers multiple times, indicating that he was going to kill them. He was going to find them, he was going to find their home address and their family". The Plaintiff was unable to post bail and he was incarcerated.

On February 7, 2014 the Nassau County District Attorney's Office after viewing the videotape of the incident provided by the Plaintiff's new defense counsel, requested that the Plaintiff be released from jail. The Court granted the application and released the Plaintiff from jail ROR. On February 20, 2014, the Nassau District Attorney Office moved to dismiss the charges.

To date, the defendants have produced 86 pages of documents with their discovery responses. Each of the defendant's responses include a broad and conclusory assertion that "County defendants object to this request on the basis it is vague and ambiguous, irrelevant, improper, unduly burdensome and overbroad. County defendants also object to this request on the basis that it potentially seeks documents protected under the attorney-client privilege, attorney work product privilege, and generated in anticipation of litigation. Further County defendants

object on the grounds that the potential documents requested are protected under the deliberate process privilege and or law enforcement privileges".

The defendants improperly objected to plaintiff's demands 10, 11, 12, 13, 14, 15, 16, 44 and 45 for records concerning complaints against the defendant officers and Nassau County police officers with regard to civil rights violations including false arrest, false imprisonment, malicious prosecution and abuse of due process, police misconduct and discriminatory conduct. The defendants improperly objected to plaintiff's demands 18, 19, 20, 21, 22, for records concerning Internal Affairs investigations against the defendant officers and Nassau County police officers with regard to civil rights violations including false arrest, false imprisonment, malicious prosecution and abuse of due process and discriminatory conduct. According to the privilege log Officers Arena and Ellison have 29 civilian complaints and IAU investigations since 2004. Incidents prior and subsequent to the date of incident are discoverable as they show issues of pattern, intent and lack of mistake. <u>Frails v. City of New York</u>, 236 F.R.D 116 (ED 2006) <u>Barret v. City of New York</u> 237 F.R.D. 39 (ED 2006)

Additionally, the privilege log served by the Defendant County is deficient and fails to comply with FRCP 26 (b). Specifically, the County fails to identify each individual document claimed to be privileged, fails to identify the author and recipient of the document and the alleged privileges are so cursory that we are unable to intelligently argue the privilege ought not apply. Here, Defendant County merely identifies the 1040 pages of documents as civilian complaint and IAU. Nor does the County provide any information to support the elements of the various privileges alleged in the log. As a result of these deficiencies the County has waived any privilege even if one existed. <u>S.E.C. v. Yorkville Advisors</u>, 300 F.R.D. 152 (S.D. 2014).

The defendants improperly objected to plaintiff's demand 28 requesting investigative reports relating to the occurrence alleged in complaint by any agency, bureau or commission of the federal government or state, local or municipal government. The defendants improperly objected to plaintiff's demand 40, 41 requesting personnel and employment files for the defendants. See <u>Frails and Barret</u>.

The defendants indicated documents to demand 46 regarding guidelines and manuals would be provided but the documents have not been produced. Additionally, the defendants improperly objected to demand 49 requesting training manuals and materials regarding apprehension, arrest and the use of reasonable force.

It is plaintiff's theory that the defendant officers prior to January 24, 2014 have falsely arrested and fabricated charges and made false allegations in criminal complaints and as such demand 50 requests all records and documents concerning all arrests made by each of the defendant officers wherein charges included disorderly conduct and resisting arrest. Plaintiff has a good faith basis for this request as the undersigned was contacted by an individual who was arrested in January 2014 weeks before Mr. Hayes by the same defendant officers. This individual claims he was falsely arrested and the officers made false statements including threatening and racially profane and charged language in the complaint. These documents are discoverable to establish pattern, intent and absence of mistake as well as a failure on the part of the County to

properly supervise and monitor their officers which leads to a deliberate indifference and violation of an individual's constitutional rights.

Lastly, Defendant County has failed to respond to Plaintiff's Second Set of Requests for Documents demanding documents for the defendant officers maintained in the Nassau County IAPRO system. This system is an early intervention or early warning system to monitor improper and unprofessional conduct by Nassau County Police Officers.

Thank you for your time and consideration.

Very truly yours,

BY: *[signature]*
William P. Nolan