UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

BOBBY HAYES,

               Plaintiff,

               -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE
OFFICER CARL ARENA, NASSAU COUNTY POLICE
OFFICER PETER J. ELLLISON, NASSAU COUNTY
POLICE LIEUTENANT VINCENT G. BODGEN and
NASSAU COUNTY POLICE OFFICERS JOHN DOES
1-10, fictitious names used to identify presently unknown
police officers.

               Defendants.

-------------------------------------------------------------------x

**PLAINTIFF'S
FIRST SET OF
REQUESTS FOR
THE PRODUCTION
OF DOCUMENTS**

Pursuant to Rule 34 of the FRCP, Plaintiff BOBBY HAYES by and through his attorneys WILLIAM P. NOLAN, ESQ., hereby request that, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER CARL ARENA, NASSAU COUNTY POLICE OFFICER PETER J. ELLLISON, NASSAU COUNTY POLICE LIEUTENANT VINCENT G. BODGEN and NASSAU COUNTY POLICE OFFICERS JOHN DOES 1-10, fictitious names used to identify presently unknown police officers produce for inspection and copying the documents identified below at the offices of William P. Nolan, ESQ., 1103 Stewart Avenue, Suite 200, Garden City, New York 11530, no later than 9:30 am on August 18, 2015.

These requests shall be deemed continuing so as to require the filing of supplementary responses in the event that further or different information becomes known any time before the close of trial.  For purposes of this set of requests:

1.    The word "document" shall mean all types of recorded information or writings of any nature including, but not limited to, originals and copies of speeches, contracts, letters, e-mails, envelopes, telegrams, memoranda, routing slips, reports, studies, statements, computer printouts, pamphlets, pleadings, filings, work sheets, tabulations, records of meetings, records of conferences, records of telephone conversations, handwritten or typed notes, records, instruments, specifications, notebooks, diaries, logs, minutes, plans, drawings, sketches, graphs, diagrams, blueprints, micro-films, photostats, photographs, tape recordings, Facebook and other social media posts which are in the possession of or known to Defendants. A draft or non-identical copy is a separate document within the meaning of the word "document." Any attachments and/or enclosures to the document are within the meaning of the word "document."

2.    The word "concerning" shall mean relating to, referring to, describing, evidencing, potentially evidencing, supporting, constituting, recording, containing, alluding to, responding to, commenting upon, mentioning, or characterizing, either directly or indirectly, in whole or in part.

3.    The word "Complaint" shall mean the Complaint filed in the above-captioned action on or about January 29, 2015 with the United States District Court, Eastern District of New York bearing Docket No. CV-15-0398. The word "Answer" shall mean the answer filed to the Complaint filed in the above-captioned action.

4.    The word "Defendants" shall mean all named Defendants in the above-captioned action, their agents, attorneys, representatives, officers and/or employees, if applicable,

and all other persons acting, understood to act, or purporting to act on their behalf or under their direction or control.

5.      The word "Defendants" shall mean the named defendants in the above-captioned action, their agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on their behalf or under their direction or control.

6.      The term "County of Nassau" shall mean the County of Nassau, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

7.      The term "Police Department" shall mean the County of Nassau police Department, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

8.      The term "Police Officer" shall mean any police officer employed by the Village of Sleepy Hollow, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## INSTRUCTIONS

1.      Pursuant to Article 34(b) of the FRCP, documents should be organized and labeled to correspond with the categories in this request. If a document is responsive to more than one request, indicate all the requests to which it is responsive.

2.      If Defendants claim any document to be immune from discovery on the ground of privilege, provide statements setting forth:

a)      The name and title of the author;

b)       The name and title of the person to whom the document was

addressed;

c)       The name and titles of all persons to whom copies were sent;

d)       The date of the document;

e)       A brief description of the subject matter;

f)       The nature of the claimed privilege; and

g)       The paragraph to which the document is otherwise responsive.

3.       If Defendants claim any document cannot be produced, specify the reason(s) why the document cannot be produced.

4.       If any document cannot be produced in full, produce the document to the extent possible, specifying the reason(s) why the remainder of the document cannot be produced.

5.       If a requested document(s) does not exist, state that the requested document(s) does not exist.

6.       If a requested document(s) once existed but does not currently exist, please state so and specify when the document(s) ceased to exist and the reason(s) why the document(s) ceased to exist.

7.       If, after producing documents, Defendants obtain or become aware of any further document(s) responsive to these requests, Defendants are required to produce such additional documents immediately thereafter.

## SPECIAL INSTRUCTIONS FOR ELECTRONIC DATA

1.       This request covers all documents, including electronically stored documents and information, in Defendants' possession, custody, or control, and/or the possession,

custody, or control of any of Defendants' representative(s) and/or agent(s), including all documents or electronically stored information that Defendants and/or any of their representative(s) and/or agent(s) have the ability to obtain, that are responsive, in whole or in part, to these Document Requests.

2.     Electronically stored documents and information shall be produced to the requesting party in accordance with the agreement reached by the parties' counsel regarding the production of such documents.

## DOCUMENTS TO BE PRODUCED

1.     Any and all documents concerning any of the allegations contained in the Complaint.

2.     Any and all correspondence by and between any of the Defendants concerning the subject matter of this action.

3.     Any and all correspondence by and between any of the Defendants and any other persons concerning the subject matter of this action.

4.     Any and all audiotapes and/or videotapes recorded that relate to this action and/or the subject matter of this Complaint.

5.     Any and all transcripts, notes, synopses or other documents concerning all audiotapes and/or video tapes recorded that relate to this action and/or to the subject matter of this Complaint.

6.     Each and every document which Defendants intend to utilize during a deposition of any of the Plaintiff(s) in this action.

7.      Each and every document which Defendants intend to utilize during a deposition of any non-party witness in this action.

8.      Each and every document which Defendants intend to utilize in support of any dispositive motion in this action.

9.      Each and every document which Defendants intend to utilize during a trial in this action.

10.     All records of complaints filed with the County of Nassau or the Police Department against the defendants, while employed by the County of Nassau or the Police Department as police officers, and any and all records of investigations conducted on the basis of such complaints.

11.     All records of complaints regarding civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process of law and discriminatory conduct by County of Nassau or the Police Department of police officers delivered to the County of Nassau or the Police Department for a ten year period prior to January 29, 2014.

12.     All records concerning disciplinary action taken against County of Nassau or the Police Department or   the defendant police officers since January 29, 2014 for civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct.

13.     All records concerning disciplinary action taken against the defendant police officers and any police officers by the County of Nassau or the Police Department since January 1, 2004 for civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct.

14. All records of complaints regarding civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct by County of Nassau or the Police Department of police officers delivered to the County or the Police Department for a ten year period prior to January 29, 2014.

15. All records concerning disciplinary action taken against County of Nassau or the Police Department police officers since January 29, 2014 for civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct.

16. All records concerning disciplinary action taken against any police officers by the County of Nassau or the Police Department since January 29, 2004 civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct.

17. Any and all Field Administrative Reports filed by the Defendant or police officers of the County or the Police Department regarding Hayes or which name or recite Hayes.

18. Records of any and all County and/or Police Department Internal Affairs Division investigations of the arresting officer(s) of Hayes, conducted regarding the occurrences set forth in the Complaint.

19. Records of any and all County or the Police Department Internal Affairs Division investigations of the arrest and/or detention of Hayes or which name/recite Mahon.

20. Records of any and all the Police Department Internal Affairs Division investigations of police officers for civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct which have been conducted regarding:

a)      Hayes,

b)      The allegations contained in the Complaint,

c)      Any injuries sustained by Hayes.

21.     Records of any and all County or Police Department Internal Affairs Division investigations regarding Hayes's arrest and imprisonment.

22.     Records of any and all the Police Department Internal Affairs Division investigations of police officers for civil rights violations, false arrest, false imprisonment, malicious prosecution, abuse of official position, abuse of due process and discriminatory conduct since January 1, 2004.

23.     All radio run time logs and any transcripts thereof for:

a)      January 29, 2014;

24.     All booking sheets, police reports, evidence bags, photographs, videos, booking entries, inventory of evidence arrest information or memorandum referring to the arrest/detention of Hayes.

25.     Any and all police reports, booking entries and other written reports or memoranda relating to Hayes.

26.     All police reports, memoranda, statements and other written documents relating to the arrest, incarceration and injury to Hayes.

27.     Any incident(s) or accident report or record concerning or pertaining to Hayes relating to the occurrence(s) alleged in the Complaint.

28.     Each investigation report relating to the occurrence(s) alleged in the Complaint by any agency, bureau or commission of the federal government or any state, local or municipal government.

29.     A copy of all incident reports prepared concerning Hayes's injury.

30.     Each statement concerning the occurrences alleged in the Complaint previously made by the Defendant and the Defendant's agents or employees. The word "statement" includes statements which have been recorded (along with a written transcript thereof) as well as those which have been reduced to writing, unsigned as well as a signed statement, any draft copies as well as final versions of any statement or any contained in e-mails.

31.     Each statement concerning the occurrences of January 29, 2014 regarding Hayes made by the Defendant and the Defendant's agents or employees. The word "statement" includes statements which have been recorded (along with a written transcript thereof) as well as those which have been reduced to writing, unsigned as well as a signed statement, any draft copies as well as final versions of any statement or any contained in e-mails.

32.     Any and all written or recorded statements of any witnesses to the incidence(s) alleged in the Complaint describing the cause and/or events leading up to the incident alleged.

33.     Any statements, either written or recorded, of any of the parties to this lawsuit which are in the possession, custody or control of either the defendant or its agents, attorneys, investigators or insurance carriers regarding Hayes or the allegations set forth in the Complaint.

34.     Copies of any statements given by Hayes to any witnesses, any investigators, or anyone else acting on behalf of defendant, or any statements in defendant's possession or under defendant's control, including but not limited to insurance investigators, lawyers, police officers, etc.

35.     Any and all photographs of the scene of the incident alleged depicting the location of the incident.

36.     Any charts, maps, diagrams, in defendant's possession depicting the scene of the alleged incident.

37.     Any conversation or communication relating in any way to Hayes's arrest or detention that was reduced to writing.

38.     Any minutes or other written records of any meeting at which Hayes or Hayes's arrest or detention was mentioned, referred to or talked about.

39.     Copies of any photographs, movies, and/or video tapes made of Hayes.

40.     All personnel and/or other employment-related files maintained concerning each of Defendant police officers, agents or employees involved in the arrest/detention of Hayes including but not limited to employment, duty assignments, work performance evaluations, disciplinary actions, reprimands, promotions, demotions, transfers, separations from employment (including resignations and discharges), and citizen complaints regarding the officer's behavior.

41.     The personnel file, civil service file and all Bureau of Internal Affair's files on each named Defendant in this lawsuit maintained by the Police Department.

42.     Copies of all writings in support of Defendant's denial of liability as alleged in the Answer on file herein.

43.     Copies of all writings in support of each of Defendant's affirmative defenses as alleged in the Answer on file herein.

44.     Any Complaints or allegations of police misconduct against any named Defendant since January 29, 2014.

45.     Any Complaints or allegations of police misconduct against any named Defendant since January 1, 2004.

46.     Any policy guidelines or manual regarding apprehension, arrest, and use of force, to be observed and followed by officers of the Police Department, which were in force on the date of the incident described in the Complaint.

47.     Any and all reports, summaries, files, or transcripts of proceedings of the Nassau County District Attorney concerning allegations of the Complaint or Hayes.

48.     All documents relating to or concerning Hayes including, but without limitation, the following:

a)      Police incident reports, supplemental reports, use of force reports, and injured prisoner reports,

b)      Booking sheet,

c)      Booking photograph,

d)      Videotapes of the arrest, booking and cell area,

e)      Tape recording of police telephone calls and radio traffic,

f)      Criminal complaint, application for complaint and docket sheet,

g)      Hayes's medical record,

h)      Hayes's criminal record,

i)      Depositions, trial transcripts, and documents produced from other civil cases against the Police Department regarding civil rights violations, false arrest, false imprisonment, malicious prosecution, use of excessive force abuse of official position, abuse of due process and discriminatory conduct.

49. Police Department's training and/or continuing training manuals and materials for its officers regarding apprehension, arrest and the use of reasonable force.

50. Provide records and all documents concerning all arrests made by each of the defendant police officers wherein charges included but were not limited too disorderly conduct and resisting arrest.

Dated: Garden City, New York
July 20, 2015

WILLIAM P. NOLAN, ESQ.

By: _____

WILLIAM P. NOLAN
Attorneys for Plaintiff
BOBBY HAYES
1103 Stewart Avenue, Suite 200
Garden City, NY 11530
516-280-6633

TO:    Bartlett, McDonough & Monaghan
       170 Old Country Road
       Mineola, New York 11501

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)

                         ss.:

COUNTY OF NASSAU)

        I, **JENNIFER GIAMBRONE**, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at Roslyn Heights, New York.

        On July 20, 2015 I served the within **FIRST SET OF REQUESTS FOR INTERROGATORIES and PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS dated July 20, 2015,** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

**Bartlett, McDonough & Monaghan**
**170 Old Country Road**
**Mineola, New York 11501**

                                           JenniferGiambrone

Sworn to before me this
___ day of July, 2015

Notary Public

**WILLIAM P. NOLAN**
**Notary Public, State of New York**
**No. 02NO5070155**
**Qualified in Nassau County**
**Commission Expires Dec. 8, 20__**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

BOBBY HAYES,

                              Plaintiff,

**PLAINTIFF'S**

                  -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT,     NASSAU    COUNTY    POLICE
OFFICER CARL ARENA, NASSAU COUNTY POLICE
OFFICER PETER J. ELLLISON, NASSAU COUNTY
POLICE LIEUTENANT VINCENT G. BODGEN and
NASSAU COUNTY POLICE OFFICERS JOHN DOES
1-10, fictitious names used to identify presently unknown
police officers.

                        Defendants.
-------------------------------------------------------------------x

**SECOND SET OF
REQUESTS FOR
THE PRODUCTION
OF DOCUMENTS**
15-CV-0398 (JFB)(SIL)

     Pursuant to Rule 34 of the FRCP, Plaintiff BOBBY HAYES by and through his attorneys WILLIAM P. NOLAN, ESQ., hereby request that, COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER CARL ARENA, NASSAU COUNTY POLICE OFFICER PETER J. ELLLISON, NASSAU COUNTY POLICE LIEUTENANT VINCENT G. BODGEN and NASSAU COUNTY POLICE OFFICERS JOHN DOES 1-10, fictitious names used to identify presently unknown police officers produce for inspection and copying the documents identified below at the offices of William P. Nolan, ESQ., 1103 Stewart Avenue, Suite 200, Garden City, New York 11530, no later than 9:30 am on October 22, 2015.

These requests shall be deemed continuing so as to require the filing of supplementary responses in the event that further or different information becomes known any time before the close of trial.

For purposes of this set of requests:

      1.     The word "document" shall mean all types of recorded information or writings of any nature including, but not limited to, originals and copies of speeches, contracts, letters, e-mails, envelopes, telegrams, memoranda, routing slips, reports, studies, statements, computer printouts, pamphlets, pleadings, filings, work sheets, tabulations, records of meetings, records of conferences, records of telephone conversations, handwritten or typed notes, records, instruments, specifications, notebooks, diaries, logs, minutes, plans, drawings, sketches, graphs, diagrams, blueprints, micro-films, photostats, photographs, tape recordings, Facebook and other social media posts which are in the possession of or known to Defendants. A draft or non-identical copy is a separate document within the meaning of the word "document." Any attachments and/or enclosures to the document are within the meaning of the word "document."

      2.     The word "concerning" shall mean relating to, referring to, describing, evidencing, potentially evidencing, supporting, constituting, recording, containing, alluding to, responding to, commenting upon, mentioning, or characterizing, either directly or indirectly, in whole or in part.

      3.     The word "Complaint" shall mean the Complaint filed in the above-captioned action on or about January 29, 2015 with the United States District Court, Eastern District of New York bearing Docket No. CV-15-0398. The word "Answer" shall mean the answer filed to the Complaint filed in the above-captioned action.

4.      The word "Defendants" shall mean all named Defendants in the above-captioned action, their agents, attorneys, representatives, officers and/or employees, if applicable, and all other persons acting, understood to act, or purporting to act on their behalf or under their direction or control.

5.      The word "Defendants" shall mean the named defendants in the above-captioned action, their agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on their behalf or under their direction or control.

6.      The term "County of Nassau" shall mean the County of Nassau, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

7.      The term "Police Department" shall mean the County of Nassau police Department, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

8.      The term "Police Officer" shall mean any police officer employed by the Village of Sleepy Hollow, its agents, attorneys, representatives, officers, employees, and all other persons acting, understood to act, or purporting to act on its behalf or under its direction or control.

## INSTRUCTIONS

1.      Pursuant to Article 34(b) of the FRCP, documents should be organized and labeled to correspond with the categories in this request. If a document is responsive to more than one request, indicate all the requests to which it is responsive.

2.      If Defendants claim any document to be immune from discovery on the ground of privilege, provide statements setting forth:

a)       the name and title of the author;

b)       the name and title of the person to whom the document was

addressed;

c)       the name and titles of all persons to whom copies were sent;

d)       the date of the document;

e)       a brief description of the subject matter;

f)       the nature of the claimed privilege; and

g)       the paragraph to which the document is otherwise responsive.

3.       If Defendants claim any document cannot be produced, specify the reason(s) why the document cannot be produced.

4.       if any document cannot be produced in full, produce the document to the extent possible, specifying the reason(s) why the remainder of the document cannot be produced.

5.       If a requested document(s) does not exist, state that the requested document(s) does not exist.

6.       if a requested document(s) once existed but does not currently exist, please state so and specify when the document(s) ceased to exist and the reason(s) why the document(s) ceased to exist.

7.       If, after producing documents, Defendants obtain or become aware of any further document(s) responsive to these requests, Defendants are required to produce such additional documents immediately thereafter.

## SPECIAL INSTRUCTIONS FOR ELECTRONIC DATA

1.     This request covers all documents, including electronically stored documents and information, in Defendants' possession, custody, or control, and/or the possession, custody, or control of any of Defendants' representative(s) and/or agent(s), including all documents or electronically stored information that Defendants and/or any of their representative(s) and/or agent(s) have the ability to obtain, that are responsive, in whole or in part, to these Document Requests.

2.     Electronically stored documents and information shall be produced to the requesting party in accordance with the agreement reached by the parties' counsel regarding the production of such documents.

## DOCUMENTS TO BE PRODUCED

1.     Provide copies of all files or records maintained for Police Officer Carl Arena, Police Officer Peter Ellison and Police Lieutenant Vincent Bodgen on the Nassau County Police Department IAPRO Data Base from 2005 to date.

2.     Relative to the Nassau County Police Department IAPRO Data Base System provide: Any manuals, procedures, protocols, rules, general orders or regulations concerning installation and use.

3.     Provide copies of all files or records maintained for Police Officer Carl Arena, Police Officer Peter Ellison and Police Lieutenant Vincent Bodgen regarding any and all Early Intervention and or Early Warning Systems maintained by the Nassau County Police to monitor improper or unprofessional conduct.

4.      Any and all audiotapes and/or videotapes recorded that relate to this action and/or the subject matter of this Complaint including but not limited to Plaintiff Hayes detention at the Nassau County Jail.

Dated: Garden City, New York
         September 23, 2015

                                        WILLIAM P. NOLAN, ESQ.

                                        By:

                                               WILLIAM P. NOLAN
                                               Attorneys for Plaintiff
                                               BOBBY HAYES
                                               1103 Stewart Avenue, Suite 200
                                               Garden City New York 11530
                                               516.280-6633

TO:     BARTLETT, McDONOUGH & MONAGHAN
        170 Old Country Road
        Mineola, New York 11501

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)

                               ss.:

COUNTY OF NASSAU)

        I, JENNIFER GIAMBRONE, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at Levittown, New York.

        On September 23, 2015 I served the within **PLAINTIFF'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS dated September 23, 2013**, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

        BARTLETT, McDONOUGH & MONAGHAN
        170 Old Country Road
        Mineola, New York 11501

                                   Jennifer Giambrone

Sworn to before me this
23th day of September, 2015

Notary Public

WILLIAM P. NOLAN
Notary Public, State of New York
No. 02N05070155
Qualified in Nassau County
Commission Expires Dec. 9, 20/8