UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BOBBY HAYES,

      Plaintiff,

  -against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE
OFFICER CARL ARENA, NASSAU COUNTY POLICE
OFFICER PETER J. ELLLISON, NASSAU COUNTY
POLICE LIEUTENANT VINCENT G. BODGEN and
NASSAU COUNTY POLICE OFFICERS JOHN DOES
1-10, fictitious names used to identify presently unknown
police officers.

      Defendants.
-----------------------------------------------------------------x

15-CV – 0398 (JFB) (SIL)
**NOTICE OF MOTION**

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of WILLIAM P. NOLAN, dated the 7th day of November, 2017, and upon all the pleadings and proceedings heretofore and herein, the undersigned will move this Court, at Room 820 of the United States District Court for the Eastern District, to be held at the courthouse located at 100 Federal Plaza, Central Islip, New York on December 11, 2017 at 11:30 a.m. in the morning of that day, or soon thereafter as counsel can be heard, for an Order pursuant to Local Civil Rule 1.4 and CPLR §321 (2) (a) relieving William P. Nolan, ESQ. from any further representation of plaintiff Bobby Hayes, due to a breakdown in the attorney client relationship, (b) a charging lien based on a contingent percentage fee based on the proportionate share of the work performed and $1835.79 for fees and disbursements and (c) such other and further relief as to this Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, must be served at least seven (7) days prior to the return date of this motion, pursuant to CPLR 2214(b).

Dated: Garden City, New York
November 7, 2017

WILLIAM P. NOLAN, ESQ.

By _/s/ William P. Nolan_
WILLIAM P. NOLAN
Attorneys for Plaintiff Bobby Hayes
1103 Stewart Avenue, Suite 200
Garden City, New York 11530
(516) 280-6633

Mr. Bobby Hayes
86-39 208th Street
Queens Village, New York 11427

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BOBBY HAYES,

               Plaintiff,

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, NASSAU COUNTY POLICE
OFFICER CARL ARENA, NASSAU COUNTY POLICE
OFFICER PETER J. ELLLISON, NASSAU COUNTY
POLICE LIEUTENANT VINCENT G. BODGEN and
NASSAU COUNTY POLICE OFFICERS JOHN DOES
1-10, fictitious names used to identify presently unknown
police officers.

               Defendants.
------------------------------------------------------------------x

15-CV – 0398 (JFB) (SIL)
**AFFIRMATION IN SUPPORT**

SIRS:

        **WILLIAM P. NOLAN**, an attorney at law duly admitted to practice law in the State of New York, herein affirms the truth of the following, upon information and belief, under penalties of perjury pursuant to CPLR §2106:

        1. I am the Principal of WILLIAM P. NOLAN, ESQ. and we represent the Plaintiff, Bobby Hayes, and as such I am fully familiar with the facts and circumstances thereof through an examination of the file maintained in our office.

        2. I make this Affirmation in Support of the motion to be relieved as counsel for the Plaintiff, Bobby Hayes.

        3. As will be demonstrated in greater detail below, this firm's relationship with the client, Bobby Hayes, has suffered a complete breakdown in their attorney-client relationship and our further representation of him is inappropriate due to his abandonment of this law office.

## CASE STATEMENT

4. This action arose out of an arrest of Bobby Hayes on January 29, 2014 in Nassau County. Plaintiff's allegations sound in false arrest, false imprisonment, malicious prosecution and pendant state court claims. Plaintiff spent 8 days in jail and after a video tape of the incident was provided to the Nassau District Attorney's office the charges against Mr. Hayes were dismissed.

## CASE HISTORY

5. For the past several months communication with Plaintiff has brokendown over disagreements concerning case strategy, theories of liability and potential damages. Mr. Hayes has failed to keep appointments and shows up without an appointment making demands on myself and office staff. Additionally, the Plaintiff has failed to provide requested documentation and information to counsel. Over the past month there have been two meetings with Mr. Hayes where he became agitated and raised his voice on several occasions. I informed Mr. Hayes that I could no longer represent him and that he should seek to retain new counsel. I also informed Mr. Hayes that I would make a copy of the litigation file, but he refused to sign a letter acknowledging receipt of same.

6. Since that time, this office has attempted to contact the client to discuss his retention of new counsel, but Mr. Hayes has failed to respond to our inquiries

## APPLICABLE LAW

7. Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys, "an attorney who has appeared as attorney of record for a party…may not withdraw form a case without leave of the Court granted by order. Such order may be granted only upon a showing by

affidavit or otherwise of satisfactory reasons for withdrawal".

> CPLR §321(2) states:
>
> An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct.

8. Satisfactory reasons include a client's lack of cooperation, including lack of communication with counsel and the existence of an irreconcilable conflict between attorney and client. Diarama Trading Co. v. J. Walter Thompson USA., 01 Civ.2950 (DAB) U.S.Dist. Lexis 17008 (S.D.N.Y. Aug. 12, 2005), See also Ashmore v. Cgi Group, Inc., 11 Civ.8611 (AT) U.S. Dist. Lexis 51618 (S.D.N.Y. Apr.7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds for withdrawal) Winkfield v. Kirschenbaum & Phillips, P.C., 12 Civ. 7424 (JMF), 2013 U.S.Dist. Lexis 12093 (S.D.N.Y. Jan. 29, 2013) (irreconcilable differences constitute a satisfactory reason for withdrawal). An attorney may terminate the attorney-client relationship at any time for good and sufficient cause and upon reasonable notice. Matter of Dunn, 205 N.Y. 398 (N.Y. 1912); Jin C., v. Juliana L., 29 Misc.3d 1236(A), 920 N.Y.S.2d 241 (Table) (Kings Co. 2010); Lake v. M.P.C. Trucking, Inc., 279 A.D.2d 813, 718 N.Y.S.2d 903 (3rd Dept. 2001).

9. In Countryman v. Watertown Housing Authority, 13 Misc.3d 632, 820 N.Y.S.2d 757 (Jefferson Co. 2006), the court set forth the following three recognized grounds for withdrawal of an attorney from an action:

> (1) the client's failure to keep in touch with counsel;
>
> (2) the deterioration of the attorney-client relationship; and

(3) the nonpayment of fees.

## REASONS UNDERLYING REQUEST TO BE RELIEVED

10. As a result of the breakdown in communications with the client as detailed above, there has been a loss of confidence and trust between this office and the client.

11. Thus, this office is unable to continue in its representation of the client due to the complete breakdown of our attorney-client relationship.

12. Based on the foregoing sufficient cause detailing (1) irreconcilable differences with the client (2) resulting deterioration in the attorney-client relationship and (3) the reasonable notice to the plaintiff, it is respectfully requested that this Law Office be relieved as counsel for the Plaintiff, and this matter be stayed for thirty ("30") days to allow the Plaintiff time to obtain new counsel.

## THE CLIENT IS NOT PREJUDICED BY RELIEVING THIS OFFICE AS HIS COUNSEL

13. The client will not be prejudiced by the granting of this Order as the action only remains in discovery.

14. Thus, the client may retain a new attorney in this matter, whom is free to devise a legal theory in this action.

## NO PRIOR REQUESTS FOR THE RELIEF SOUGHT HEREIN

15. There has been no prior application for the relief sought herein.

**WHEREFORE**, we respectfully request an Order of the Court:

A. Pursuant to Local Civil Rule 1.4 and CPLR §321(2), relieving the WILLIAM P. NOLAN, ESQ. from any further representation of the Plaintiff Bobby Hayes, due to a break down in the attorney-client relationship;

B. Granting WILLIAM P. NOLAN, ESQ a charging lien based on a contingent percentage fee based on the proportionate share of the work performed and $1835.79 for fees and disbursements

C.  Pursuant to CPLR §321(2)(c), granting Defendant, BENJIN PHILIP and PREMIER HOSPITALITY GROUP, LLC, a thirty (30) day stay in this matter to allow the Plaintiff to find new counsel in this matter;

D.  Granting such other and further relief as to this Court may deem just and proper.

Dated: Garden City, New York
November 7, 2017

_____
WILLIAM P. NOLAN

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK)
                              ss.:
COUNTY OF NASSAU)

        I, **JENNIFER GIAMBRONE**, being sworn, say: I am not a party to the action, am over 18 years of age and reside at Roslyn Heights, New York.

        On November 8, 2017 I served the within **NOTICE OF MOTION dated November 7, 2017**, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

**Mr. Bobby Hayes**
**86-39 208th Street**
**Queens Village, New York 11427**

                                                                              _____
                                                                                       Jennifer Giambrone

Sworn to before me this
8th day of November, 2017

_____
Notary Public

MARTIN KATZMAN
Notary Public, State of New York
No. 01KA7179610
Qualified in Nassau County
Commission Expires Oct. 31, 2018