

**Brett H. Klein, Esq., PLLC**
305 Broadway, Suite 600
New York, New York 10007
T: (212) 335-0132 F: (212) 335-0571

May 10, 2019

**BY ECF**

The Honorable Steven I. Locke
United States Magistrate Judge
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Bobby Hayes v. County of Nassau, et al.*, 15 CV 398 (JFB)(SIL)

Dear Magistrate Judge Locke:

    I represent the plaintiff in the above-referenced civil rights action. I write with defense counsel's consent to request that the deadline to complete certain limited discovery that was sought well before the discovery cutoff be enlarged from May 15, 2019 until July 1, 2019. I likewise request a corresponding adjournment of the status conference scheduled for May 21, 2019 at 11 a.m. to a date that is convenient for the Court after the completion of discovery given this request for additional time. Alternatively, given the issues raised below, if the Court believes a conference would be helpful, I would nonetheless request that it be rescheduled on the grounds that I have a deposition in an unrelated EDNY case that day involving multiple parties and attorneys that conflicts with the conference. In that regard, the parties have conferred and are mutually available on May 15, 2019 and May 23, 2019 if either is convenient for the Court.

    As an initial matter, since the last status conference on March 26, 2019, plaintiff has deposed the three defendant officers, and thus all party depositions have been completed.

    On the same day that the parties last appeared before the Court, March 26, 2019, I emailed a proposed subpoena to defense counsel for the deposition of the Nassau County Assistant District Attorney ("ADA") who handled plaintiff's prosecution. The pertinent ADA was referenced in documents attached to the complaint (ECF Doc. 1), and was identified in the parties' disclosures. My email to defense counsel mirrored the approach employed in another pending matter I am handling with the County, wherein the ADA in that case was produced via emailing of a subpoena to the County Attorney without objection. In my email to defense in this case, I nonetheless afforded defense counsel the opportunity to confirm if some other manner of service would be required in this case. Over the past weeks, I have followed up on many occasions with defense counsel, who has asked for additional time to make the necessary arrangements. Defense counsel confirmed earlier this week that he now had clearance to produce the witness, but after a meeting with the witness yesterday, indicated that personal service would be required, and that upon service, the DA's office would likely move to quash. Given the impending discovery cutoff, we clearly now require a few extra weeks to effect personal service of a deposition subpoena, and then apparently to litigate any purported motion to quash, or alternatively a motion to compel by plaintiff.

Given all of the foregoing, we request that the deadline to complete the aforementioned discovery be extended to July 1, 2019 or to such other date to be determined by the Court upon the conclusion of any prospective motion practice regarding the subpoena for the ADA, and that the status conference scheduled for May 21 at 11 a.m. be adjourned until after the completion of fact discovery, or alternatively to May 15, May 19, or such other date that is convenient for the Court.

Thank you for your consideration.

Respectfully,

s/ Brett Klein

Brett H. Klein

cc: Richard Femia, Esq. (by ECF)