GOLDBERG SEGALLA LLP

Richard Femia | Attorney
Direct 516.281.9826 | rfemia@goldbergsegalla.com

May 23, 2019

*Via ECF*
Hon. Steven I. Locke
United States Magistrate Judge
United States District Court, Eastern District
100 Federal Plaza
Central Islip, New York 11722

  Re: <u>Hayes v. Nassau County, et al.</u>
     15-CV-0398(JFB)(SIL)

Dear Magistrate Locke:

  Goldberg, Segalla, LLP, Special Counsel to Nassau County, represents Defendants County of Nassau, Nassau County Police Department, Nassau County Police Officer Carl Arena, Nassau County Police Officer Peter J. Ellison, and Nassau County Police Lieutenant Vincent G. Boden, (hereinafter referred to as "County Defendants"), in connection with the above-reference matter. Additionally, the Nassau County District Attorney's Office and Executive Assistant District Attorney, Nassau County, Steven L. Schwartz, Esq., requested that this letter be submitted on their behalf. (hereinafter referred to as "ADA Schwartz".)

  Please allow this to serve as a letter motion seeking to quash the subpoena purportedly served on ADA Schwartz.[1] Plaintiff seeks the deposition of ADA Schwartz to question the decisions made in the office of the Nassau County District Attorney. The information sought by plaintiff is privileged and otherwise protected. Additionally, the information sought is not relevant to the instant action.

  Although not identical, the deliberative process, official information, and executive privileges are based on the common principle that the opinions, recommendations, and deliberations of government agents are not discoverable where the government demonstrates that a specific harm would result from disclosure. <u>Thompson v. Lynbrook Police Dep't</u>, 172 F.R.D. 23, 27 (E.D.N.Y. 1997); See. e.g., <u>Securities Exchange Comm. v. Thrasher</u>, 1995 WL 46681, at *10 (S.D.N.Y. Feb. 7, 1995); <u>Walsh v. Chittenden Corp.</u>, 799 F.Supp. 405, 407 n. 3 (D.Vt.1992).

  Questions of privilege in cases involving federal claims are governed by federal law. Rule 501 of the Federal Rules of Evidence; <u>von Bulow by Auersperg v. von Bulow</u>; 811 F.2d 136, 141 (2d Cir.), cert. denied, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987); <u>King v. Conde</u>, 121 F.R.D. 180, 187 (E.D.N.Y.1988). Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, which is relevant to the subject matter involved

---

[1] Plaintiff provided a courtesy copy of the subpoena, indicated that it was served on May 17, 2019 and he would forward the affidavit upon receipt. To date, we have not received confirmation of service.

200 Garden City Plaza, Suite 520 | Garden City, NY 11530-3203 | 516.281.9800 | Fax 516.281.9801 | **www.GoldbergSegalla.com**
NEW YORK | ILLINOIS | FLORIDA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM
23018110.v1

in the pending action...." Fed.R.Civ.P. 26(b)(1); Thompson v. Lynbrook Police Dep't, 172 F.R.D. 23, 25 (E.D.N.Y. 1997).

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), a court "must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). In response to such a motion, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No 03-Civ. 5560, 2008 U.S. Dist. LEXIS 77018, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) (quotation omitted); Ferrari v. Cty. of Suffolk, No. CV104218JSGRB, 2012 WL 13109925, at *1 (E.D.N.Y. Mar. 28, 2012). It also is permissible to quash or modify a subpoena if, among other things, it requires disclosure of confidential information. Id; 45(c)(3)(B)(I); Brown v. City of Syracuse, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009).

The court should also consider state privacy rules pertaining to the disclosure of confidential information. Conde, 121 F.R.D. at 187. Although not determinative, "[s]tate rules may illustrate important privacy interests....". In Conde, the court recognized that "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy."

The burden of establishing the privilege rests with the party asserting it. See Kaufman v. City of New York, No. 98CIV.2648, 1999 WL 239698, at *4 (S.D.N.Y. Apr. 22, 1999). A party asserting the privilege must demonstrate that the information for which protection is sought is both "predicisional" and "deliberative." See Hopkins, 929 F.2d at 84; National Congress for Puerto Rican Rights, 194 F.R.D. at 92. Information is "predecisional" if it reflects matters leading to the final decision of an agency. See Id. Information is "deliberative" if it actually reflects the process by which an agency's decision was reached. Id.

The privilege thus protects information reflecting advisory "opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulate." Thompson, 172 F.R.D. at 26; Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C.1966); see also NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975).

This privilege applies to information concerning decisions made in the office of a district attorney. See Thompson, 172 F.R.D. at 26–27; Gomez v. City of Nashua, 126 F.R.D. 432, 435 (D.N.H.1989); Cipolla v. Cty. of Rensselaer, No. 99-CV-1813, 2001 WL 1223489, at *2 (N.D.N.Y. Oct. 10, 2001).

Specifically, the following falls under the deliberative privilege: Information related to the steps taken by the assistant district attorneys in completing their investigation; their professional opinions on the merits of the plaintiff's complaint; their recommendations to the file; and what, if any, action should be taken. Sears, Roebuck & Co., 421 U.S. at 150, 95 S.Ct. at 1516; Thompson, 172 F.R.D. 23, 27 (E.D.N.Y. 1997).

As was the case in Thompson, the Plaintiff was arrested and the charges were later dismissed by the District Attorney's Office. Further, in Thompson the Plaintiff sought information

related to "why the District Attorney refused to prosecute Mr. Thompson." Id. However the Court ruled that, information concerning the decision of a District Attorney to prosecute including, opinions, thoughts, considerations and factors involved in the process leading that office to seek an indictment of individuals, falls under governmental deliberative process privilege. Id; Cipolla v. Cty. of Rensselaer, No. 99-CV-1813, 2001 WL 1223489, at *3 (N.D.N.Y. Oct. 10, 2001).

Factors to be considered by the court when a government agency invokes the privilege include: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the issues involved in the litigation; (4) the government's role in the litigation; (5) the possibility of future timidity and other effects on government employees whose secrets had been disclosed; (6) society's interest in judicial fact finding; and (7) the public interest in scrutinizing the government's decision making process. See Department of Economic Dev. v. Arthur Andersen & Co., 139 F.R.D. 295, 298–99 (S.D.N.Y.1991) (citing United States v. Hooker Chem. & Plastics Corp., 123 F.R.D. 3, 12 (W.D.N.Y.1988); Burke v. New York City Police Dep't, 115 F.R.D. 220, 232 (S.D.N.Y.1987); In re Franklin Nat'l Bank Sec. Litig., 478 F.Supp. 577, 582–83 (E.D.N.Y.1979)). Thompson, 172 F.R.D. 23, 26 (E.D.N.Y. 1997).

In this matter, the Defendants provided the Nassau County District Attorney's Office with information and documentation related to facts and circumstances of Plaintiff's arrest. This documentation was exchanged during discovery. The testimony of ADA Schwartz is irrelevant.

The law in New York is clear that it is the District Attorney who decides whether, and in what manner, to prosecute a suspected offender. Baez v. Hennessy, Jr., 853 F.2d 73, 77 (2d Cir.1988) (citing People v. Di Falco, 44 N.Y.2d 482, 486–87, 406 N.Y.S.2d 279, 377 N.E.2d 732 (1978)), cert. denied; Baez v. County of Onondaga, 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989). The basis for that decision is not relevant to the issues in this litigation. Thompson, 172 F.R.D. 23, (E.D.N.Y. 1997).

Moreover, the public interest in insuring the confidentiality of the District Attorney's deliberative process, particularly where it relates to a civil action in which the District Attorney is a third party, outweighs the defendants' need for the information. Thompson, 172 F.R.D. 23, 27 (E.D.N.Y. 1997).

As was demonstrated in Martinez v. State, the disclosure of the notes and memoranda produced by assistant district attorneys in civil cases may impede the agency's ability to effectively prosecute cases. Martinez v. State, 128 Misc.2d 789, 490 N.Y.S.2d 987, 988–89 (Ct.Cl.1985) ("public interest in the right of a litigant to obtain evidence must ... give way to the public interest in enabling the government effectively to conduct sensitive investigations. ...."); see generally The City of Mount Vernon, 1990 WL 33598 at * 1 (S.D.N.Y.1990) (denying plaintiff's application to compel production of the non-party District Attorney's investigative files and records). Thompson, 172 F.R.D. 23, 27 (E.D.N.Y. 1997).

The documentation related to Plaintiff's prosecution has already be exchanged during discovery. The questioning of ADA Schwartz will subvert the protections afforded by the Courts and delve into the thought process of the ADA Schwartz and the Nassau County District Attorney's Office.

Lastly, the assistance that any subpoenaed testimony from an Assistant District Attorney would give Plaintiff's action does not outweigh the burden placed on these public servants. Smith v. Gracie Square Hosp., No. 96 CIV. 1327 (DLC), 1997 WL 698183, at *3 (S.D.N.Y. Nov. 10, 1997).

Thanking the Court for its consideration, I remain

    Respectfully,
    _____/s/_____
    Richard J. Femia
    Attorney for County Defendants

*Cc:* Plaintiff
*Via ECF*