UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

BOBBY HAYES,

                             Plaintiff,                                    Docket No.

        -against-                                                          **VERIFIED COMPLAINT**

                                                                           Jury Trial Demanded

COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT,   NASSAU   COUNTY   POLICE
OFFICER CARL ARENA, NASSAU COUNTY POLICE
OFFICER PETER J. ELLLISON, NASSAU COUNTY
POLICE LIEUTENANT VINCENT G. BODGEN  and
NASSAU COUNTY POLICE OFFICERS JOHN DOES
1-10, fictitious names used to identify presently unknown
police officers.

                             Defendants.

-------------------------------------------------------------------x

Plaintiff, BOBBY HAYES, by his attorney, WILLIAM P. NOLAN, complaining of the
defendants, hereinafter states and alleges as follows upon information and belief:

## PRELIMINARY STATEMENT

1.      Plaintiff commences this action seeking compensatory damages, punitive
damages, and attorney's fees for violations of his civil, statutory  and common  law rights by the
defendants, their agents, servants and/or employees, while acting under color of law as said
rights are secured by the statutes and Constitutions of the United  States of America and the State
of New York, the New  York State Human Rights Law, the New York Civil Rights Law, and the
Charter, rules, regulations and ordinances of the County of Nassau.    Plaintiff also asserts
supplemental state law tort claims.

2.      On or about January 29, 2014, at approximately 4:00 p.m., the plaintiff was lawfully
in front of the barbershop located at 719 Hempstead Turnpike, Nassau County New York
(hereinafter the premises" when the defendant police officers instigated and instituted an

unjustifiable police stop of the Plaintiff. Then, in an attempt to cover up and/or conceal their unlawful conduct, the defendant police officers unlawfully profiled, detained, arrested, charged, prosecuted and imprisoned Plaintiff without legal cause or justification, probable cause, without a warrant and without due process of law; knowingly filed and/or caused to be filed false criminal allegations and/or complaint against Plaintiff; and then unlawfully searched Plaintiff's person in an effort to find something to justify their unlawful activities aforesaid. The defendants' foregoing conduct caused Plaintiff to suffer further physical, psychological and emotional injuries, loss of liberty, deprivation and violation of his civil rights, and pecuniary loss.

3.      Furthermore, the defendant police officers, acting individually and in concert and conspiracy with one another, drafted, executed and filed knowingly false records, criminal complaints and arrest reports and/or affidavits regarding Plaintiff, wherein the defendant police officers dishonestly stated that Plaintiff was a danger to himself, to police officers and/or others; that plaintiff was involved in criminal activity; that Plaintiff caused and/or threatened to cause serious physical injury to police officer and their families; and the defendant police officers made other knowingly false allegations against Plaintiff.

4.      Upon information and belief, the defendant police officers and their supervisors have lied, submitted false statements, and purposely failed to fully and faithfully investigate the subject incident, all in an effort to prevent the aforesaid unlawful conduct from coming to light.

5.      As a result of the defendant police officers unlawful conduct set forth herein, Plaintiff was and continues to be falsely detained, arrested, arraigned, imprisoned and prosecuted, causing the plaintiff to suffer physical, psychological and emotional injuries, pecuniary loss, loss of liberty, and pecuniary loss.

## JURISDICTION AND VENUE

6.      This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, the Constitution of the State of New York, the New York State Human Rights Law,

the New York Civil Rights Law, and the Charter, rules, regulations and ordinances of the County of Nassau.

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions.

8. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

9. Plaintiffs' claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

10. Venue is appropriate m this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

**PARTIES**

11. At all times mentioned herein, Plaintiff is an African American man who was and remains a resident of the State of New York, County of Nassau.

12. Upon information and belief, and at all times mentioned herein, Defendant, County of Nassau (hereinafter referred to as "the County"), was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

13. Upon information and belief, and at all times mentioned herein, the County maintains Defendant, Nassau County Police Department, a County agency, organized under and existing and operating by virtue of the laws of the State of New York and the County of Nassau.

14. Upon information and belief, and at all times mentioned herein, the Nassau County Police Department was and remains under the supervision, direction, control and/or employ of the County.

15. Upon information and belief, and at all times mentioned herein, the Nassau County Police Department was and remains a department, division or agency of the County.

16. At all times mentioned herein, Defendant, Police Officer Carl Arena, was and remains a police officers[1] employed by the County.

17. At all times mentioned herein, Defendant, Police Officer Peter J. Ellison, was and remains a police officer employed by the County.

18. At all times mentioned herein, Defendant, Lieutenant Vincent G. Bodgen was and remains a police officer employed by the County.

19. At all times mentioned herein, Defendants, Police Officers John Doe 1-10 (hereinafter the "defendant police officers"), were and remain police officers employed by the County.

20. At all times mentioned herein, the defendant police officers were and remain employed by the Nassau County Police Department.

21. At all times mentioned herein, the County was and remains the public employer of the defendant police officers.

22. At all times mentioned herein, Nassau County Police Department was and remains the public employer of the defendant police officers.

---

[1] As used herein, the term "police officer" is intended to refer to Nassau County Police Department officers in the general and not to any specific rank, title or position.

23.     At all times mentioned herein, the defendant police officers were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York, County of Nassau and/or the Nassau County Police Department.

24.     The defendant police officers are sued in their individual and official capacities.

25.     The defendant police officers are comprised of uniformed officers, plain clothed police officers, and supervisors and supervisory personnel.

26.     That upon information and belief, and at all times mentioned herein, the County, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the police precincts and divisions of the Nassau County Police Department, and the police officers assigned and/or stationed thereto, including but not limited to the defendant police officers.

27.     At all times mentioned herein, the County, and Nassau County Police Department, their departments, agents, servants and/or employees, were charged with hiring, training, retaining, directing, supervising, disciplining, overseeing, appointing and promoting police and/or correction officers, supervisors and staff in their employ, including but not limited to the defendant police officers.

28.     That upon information and belief, and at all times mentioned herein, the defendant police officers were acting under the direction, supervision, authority and/or control of the County and/or Nassau County Police Department, its/their agents, servants and/or employees.

29.     The Nassau County Police Department, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to police stops, searches and seizures, improper stopping and profiling by race or ethnic background, false arrest, wrongful detention, due process and abuse of process violations and others as mandated by local law and court orders.  In addition, senior officials in the Nassau

County Police Department are aware of and tolerate certain practices by subordinate employees, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten Nassau County Police Department policies or customs.

30.     At all times mentioned herein, Nassau Police precinct captains, lieutenants, desk sergeants, and other supervisors had direct, first-line supervisory responsibilities over the defendant police officers, including responsibility for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general, and the plaintiff in particular, who come into contact with said police officers. These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern the United States of America, State of New York, County of Nassau, and Nassau Police, including County and Nassau County Police Department directives and orders concerning: police stops, searches and seizures, improper stopping and profiling by race or ethnic background, false arrest, wrongful detention, due process and abuse of process violations.

31.     Defendants County, Nassau County Police Department and the defendant police officers harassed, intimidated, threatened, searched, and unlawfully, wrongfully and unjustifiably profiled the plaintiff based upon his race, falsely detained, arrested and imprisoned Plaintiff; conspired to violate Plaintiff s civil rights; conspired to falsely arrest and imprison Plaintiff; contrived knowingly false criminal allegations against the plaintiff; knowingly drafted and/or filed, or conspired to file, false reports, incident reports, complaints and arrest reports against Plaintiff; gave knowingly false statements or testimony in or for a criminal proceeding regarding Plaintiff; and/or took specific and definitive measures to cover up evidence of their unlawful activities.

32.     Defendants are liable to the Plaintiff for conspiring to condone and encourage such civil rights violations by failing to properly investigate and punish the actions of the defendant police officers and by maliciously fabricating, failing to investigate the defendants abuse of process of the Plaintiff. Said failure to investigate and take appropriate action to protect and secure the rights of plaintiff led to his harm and detriment. The defendant officers through their misconduct, refusing to conduct the most rudimentary investigation of the allegations of abuse of

plaintiff, all form part of the pervasive pattern of neglect and callous indifference towards systematic violations of civil and due process rights amongst minority persons. This pattern of indifference demonstrated by the County and the Nassau County Police Department encourages police officers to believe they can violate the civil rights of minority members with impunity and thus foreseeably lead to improper racial profiling, wrongful detention and the false arrest and imprisonment of the Plaintiff.

## STATEMENT OF FACTS

33.     On or about January 29, 2014, at approximately 4:00 p.m., the plaintiff was lawfully in front of the barbershop located at 719 Hempstead Turnpike, Nassau County New York (hereinafter the premises).

34.     Plaintiff was approached by two plainclothes police officers, later identified as Police Officer Carl Arena and Police Officer Peter J. Ellison who were driving an unmarked police vehicle.

35.     Plaintiff informed the defendant officers "he did not do anything' and further stated he was calling an "ADA". The defendant police officers handcuffed the plaintiff and arrested him for disorderly conduct as the plaintiff would not provide his last name. Hours later the Plaintiff was informed he was also arrested for Resisting Arrest.

36.     The defendant police officers did not possess legal cause to arrest the plaintiff.

37.     At no point in time was Plaintiff verbally or physically threatening to the defendant police officers.

38.     At no point in time did Plaintiff resist arrest.

39.     No reasonable police officer would believe that Plaintiff posed a danger to the health or safety of any of the defendant police officers, himself, or others.

40.     A video tape of the incident clearly demonstrates the plaintiff was in no way behaving in a disorderly manner nor did he resist arrest.

41.     The defendant police officers falsely arrested and imprisoned Plaintiff.

42.     Plaintiff was falsely arrested and charged with Resisting Arrest, an A misdemeanor, Disorderly Conduct, a violation and Unlawful Possession of Marihuana, a violation.

43.     Defendant Police Officer Carl Arena under oath averred in a criminal complaint dated January 29, 2014 that the Plaintiff violated Penal Law Section 240.20 (3) in that he stated "go fuck yourself, you fucking white cracker cops, I ain't giving you shit". Officer Arena further swears in the complaint that the Plaintiff stated "fuck you, you can suck my cock" and that the plaintiff continued to yell and scream "fuck you, you can suck my cunt". Officer Arena further avers that a crowd gathered and the Plaintiff with intent to cause public inconvenience did annoy and alarm others, did use abusive and obscene language in a public place. According to Officer Arena the crowd that gathered were a mix of elderly people and small children. The complaint proffered by Officer Arena further alleges the Plaintiff stated "I ain't giving you shit you can arrest my Nigger Ass". Annexed as **Exhibit A** are the Arena complaints.

44.     There were no elderly people or small children gathered as sworn to by Officer Arena.

45.     Defendant Lt. Bogden approved and executed the complaint without conducting any investigation to determine that the complaint sworn and executed by Defendant Officer Arena was false and fabricated and merely "rubber stamped" the complaint. Defendant LT. Bogden and other supervisors and police officers of the Nassau County Police Department ignored and failed to investigate the Plaintiff's pleas that he was innocent and did not do what defendant Officers Arena and Ellison had alleged in the criminal complaints.

46. The video tape of the alleged incident clearly demonstrates the complaint sworn and executed by Officer Arena was a complete fabrication and merely a pretense to arrest and violate the Plaintiff's civil rights.

47. Defendant Police Officer Peter J. Ellison under oath averred in a criminal complaint dated January 29, 2014 that the Plaintiff violated Penal Law Section 205.30, Resisting Arrest in that he stated "go fuck yourself, you fucking white cracker cops, I ain't giving you shit". Officer Ellison further swears in the complaint that the Plaintiff yelled "fuck you, you can suck my cock" and that the plaintiff continued to yell and scream "fuck you, you can suck my cunt". Officer Ellison further avers that a crowd gathered and the Plaintiff with intent to cause public inconvenience did annoy and alarm others, did use abusive and obscene language in a public place. According to Officer Ellison the crowd that gathered were "a mix of elderly people and small children". According to defendant Officer Ellison they asked "the defendant to stop his violent behavior" and he refused to comply. The complaint proffered by Officer Ellison further alleges the Plaintiff stated "I ain't giving you shit you can arrest my Nigger Ass". Defendant Officer Ellison further alleges "the Officers attempted to place the defendant into custody" when the "defendant started to swing his arms and upper body and pull his arms away from the Officers and refuse to place his hands behind his back". According to defendant Ellison "they told the defendant numerous times to stop resisting arrest but the defendant refused". Annexed as **Exhibit B** is the Ellison complaint.

48. There were no elderly people or small children gathered as sworn to by Officer Arena.

49. Defendant Lt. Bogden approved and executed the complaint without conducting any investigation to determine that the complaint sworn and executed by Defendant Officer Ellison was false and fabricated and merely "rubber stamped" the complaint. Defendant LT. Bogden and other supervisors and police officers of the Nassau County Police Department ignored and failed to investigate the Plaintiff's pleas that he was innocent and did not do what defendant Officers Arena and Ellison had alleged in the criminal complaints.

50.     The video tape of the alleged incident clearly demonstrates the complaint sworn and executed by Officer Ellison was a complete fabrication and merely a pretense to arrest and violate the Plaintiff's civil rights.

51.     Defendant's conspiracy to violate Plaintiff's civil rights continued at the Third Precinct when the defendant Police Officers fabricated inflammatory, threatening and racially based statements which they attributed to the Plaintiff.

52.     Defendant Arena swore that the defendant made statements to him on January 29, 2014 at 17:25 inside the Third Precinct. Defendant Arena erroneously alleged that the Plaintiff threatened the Officers and stated "fuck you cops, I hate all white cops, I will google your names and find out where you live". You don't know who you are you're fucking with, I'm a made man, I got guns and I'll hunt you down, and kill you motherfuckers". "Wait your white fuck, I will get you next week on the street, look at my record, I'm the real deal, you don't know who you're fucking with, I'm gonna kill you".

53.     Defendant Ellison swore that the defendant made statements to him on January 29, 2014 at 17:30 inside the Third Precinct. Defendant Ellison erroneously alleged that the Plaintiff threatened the Officers and stated "fuck you cops, I hate all white cops, I will google your names and find out where you live". You don't know who you are you're fucking with, I'm a made man, I got guns and I'll hunt you down, and kill you motherfuckers". "I hate all you white cops, you're gonna die motherfucker". "Wait your white fuck, I will get you next week on the street, look at my record, I'm the real deal, you don't know who you're fucking with, I'm gonna kill you".

54.     To ensure that the Plaintiff was wrongfully and improperly prosecuted and imprisoned the defendant Police Officer's informed the Nassau District Attorney's office of the fabricated inflammatory, threatening and racially based statements which they attributed to the Plaintiff. The Nassau County District Attorney's office prepared CPL 710.30 (1) (a) notice with regard to the above described statements Annexed as **Exhibit C** is the CPL 710.30 notice. The conspiracy perpetrated by the defendants continued when Deputy Bureau Chief Melissa Lewis personally conducted the Plaintiff's arraignment. Based on the charges of Resisting Arrest and

Disorderly Conduct, the plaintiff's attorney requested he be release on his own recognizance. ADA Lewis incredibly requested $50,000 bail and directed the Courts attention to the 710.30 notice. The 710.30 notice was provided to the court and served at the Plaintiff's arraignment on January 30, 2014. ADA Lewis specifically informed the Court "that during the arrest process the defendant did threaten the police officers multiple times, indicating that he was going to kill them. He was going to find them, he was going to find their home address and their family". Annexed as **Exhibit D** are the January 30, 2014 minutes.

55. Based on the fabricated, inflammatory, threatening and racially based statements which the defendant officers attributed to the Plaintiff as well as the application of ADA Lewis, the court set bail in the sum of $20,000 bond and $10,000 cash. The Plaintiff was unable to post bail and he was incarcerated. As a result of the threats alleged to have been made by the Plaintiff against the defendant Police Officers and their families the Plaintiff has held in 23 hour lock down.

56. On February 7, 2014 the Nassau County District Attorney's Office after viewing the videotape of the incident provided by the Plaintiff's new defense counsel, requested that the Plaintiff be released from jail. The Assistant District Attorney specifically informed the Court "that the amount of bail, which is fairly high speaks to the fact that there were threats made to the police officers". The Assistant District Attorney further notes "the conduct of the defendant in which he is asked, that he is being told he is under arrest, he properly turns around, puts his hands behind his back, is handcuffed and is taken away, does not seem to be consistent with the narrative written out by the police officers". The Court granted the application and released the Plaintiff from jail ROR. Annexed as **Exhibit E** are the minutes from February 7, 2014.

57. On February 20, 2014, the Nassau District Attorney Office moved to dismiss the charges as to the Plaintiff under 170.31 F. Annexed as **Exhibit F** are the minutes from February 20, 2014.

58. Defendant Police Officers engaged in a conspiracy with each other reaching an agreement between themselves, express and/or tacit, to achieve an unlawful end by inflicting an unconstitutional injury upon Plaintiff and carried out overt acts in furtherance of that goal causing damages to Plaintiff.

59.    Defendants agreed expressly and/or tacitly to cover up the true facts leading up to and including the actions of defendant Officers Arena and Ellison in falsely arresting and imprisoning Plaintiff.

60.    Plaintiff's false arrest, engaged in, but was not limited to, the following overt acts:

1. Creating false and misleading complaints by defendant Officers Arena and Ellison.
2. Ignoring and lying about the true facts surrounding the false arrest of Plaintiff.
3. Submitting false and misleading facts regarding the arrest of Plaintiff to the District Attorney's Office and the Courts.
4. Making false statements concerning the true facts of the Plaintiff's false arrest to the District Attorney's office.
5. Creating false documents and reports pre and post arrest, concealing the truthful account of Plaintiff's arrest.

61.    All of the above occurred as a direct result of the unconstitutional policies, customs and/or policies of the Nassau County and The Nassau Police Department, including, without limitation, the inadequate screening, hiring, retraining, training and supervision of its employees, and due to discrimination against plaintiff based on his race.

62.    The aforesaid event is not an isolated incident. Defendant Nassau County is aware (from lawsuits, notices of claim and complaints filed with Nassau County Police Department) that many Nassau County Police Officers including the defendants are insufficiently trained regarding police stops, searches and seizures, improper stopping and profiling by race or ethnic background, false arrest, wrongful detention, due process and abuse of process violations.

62.    Defendant Nassau County is further aware that such improper training has often resulted in a deprivation of civil rights. Despite both actual and constructive notice, defendant Nassau County and Nassau Police Department has failed to take corrective action, including but

not limited to reprimand, demotion, forced training, mandatory counseling, formal warning, probation, suspension, or termination from employment.

63.    The defendants' foregoing conduct, all of which was undertaken without legal cause or justification, caused Plaintiff to suffer physical, psychological and emotional injuries, loss of liberty, deprivation and violation of his civil rights, and pecuniary loss.

**FIRST CLAIM FOR RELIEF:**

**42 U.S.C.§1983 CLAIMS AGAINST COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER CARL ARENA, NASSAU COUNTY POLICE OFFICER PETER J. ELLISON, LIEUENTANT VINCENT G. BOGDEN AND POLICE OFFICERS JOHN DOE 1-10**

64.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "63 ", inclusive, of this Complaint, as if same were fully set forth herein at length.

65.    All of the aforementioned acts deprived the Plaintiff, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. Sections 1981 and 1983.

66.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

67.    As set forth above, the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, unlawfully profiled, detained, arrested, charged, prosecuted and imprisoned Plaintiff without legal cause or justification, probable cause, without a warrant and without due process of law.

68.     As set forth above, the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, did detain, arrest and imprison the plaintiff without legal cause or justification.

69.     As set forth above, the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, did target, harass, and threaten the plaintiff without legal cause or justification.

70.     As set forth above, the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, did search the plaintiff without legal cause or justification.

71.     As set forth above, the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, were within the vicinity of the plaintiff at the time of the foregoing incidents and failed to take any action to intercede, mitigate and/or halt the subject incident.

72.     Said defendants knew, or with reasonable diligence should have known, of the unlawful conduct and action taken against Plaintiff.

73.     Said defendants failed to protect the plaintiff.

74.     As set forth above, none of the said defendants reported the aforesaid incidents to their supervisors, nor did they notify County, State or federal authorities as to what they had seen and/or heard.

75.     As set forth above, the County, Nassau County Police Department and/or their supervisory personnel failed to take appropriate action to report and investigate the subject incident.

76.     As set forth above, the County, Nassau County Police Department and/or their agents, servants and/or employees, including but not limited to defendant police officers, implicitly acquiesced in the aforesaid incidents and unlawful conduct by their fellow police officers by failing to intercede or intervene on behalf of the plaintiff.

77.     The defendants acted with deliberate indifference to the plaintiff's constitutional and statutory rights, safety, security and health.

78.     As a direct and proximate result of said defendants' deliberate indifference, the plaintiff was caused to sustain physical, psychological and emotional injuries, pain and suffering, pecuniary loss, and loss of liberty.

79.     As set forth above, said defendants made no effort to stop the aforesaid incidents, and have made every effort to conceal the truth about what actually occurred.

80.     The actions of said defendants were performed under the color of law and within the scope of their employment and authority with the County and Nassau County Police Department.

81.     The acts and omissions of the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, violated the plaintiff's clearly established rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological and emotional injuries, pecuniary loss, and loss of liberty suffered by Plaintiff.

82.     The actions of the defendant police officers named herein were malicious and in bad faith.

83.     The County and Nassau County Police Department have had, and continue to have, a custom and practice of deliberate delay and avoidance in investigating allegations of racial

profiling, unlawful searches and seizures, unlawful detention, false arrest and imprisonment and other misconduct against the public in general and the plaintiff in particular, to the detriment of the plaintiff.

84.     The County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers named herein, by reasonable diligence, could have prevented the aforesaid wrongful acts from being committed.

85.     The County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers named herein, violated Plaintiff's constitutionally-protected civil and due process rights by: (a) unlawfully profiling, targeting, intimidating and harassing the plaintiff; (b) stopping, restraining, and searching the plaintiff without legal cause or justification; (c) arresting, detaining and imprisoning the plaintiff without legal cause or justification; (d) fabricating and contriving criminal charges against the plaintiff; (e) falsely arresting and/or charging the plaintiff because he was believed to have behaved and/or spoken in a manner that is perceived by the defendant police officer(s) to be disrespectful but which does not constitute criminal behavior; (f) depriving the plaintiff access to and redress from the courts; (g) depriving the plaintiff of his due process rights; (h) denying the plaintiff the equal protection of the laws; (i) engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against the plaintiff; (j) by falsifying official reports; (k) by conducting searches and seizures without lawful authority and/or in an improper manner; (l) by subjecting Plaintiff to cruel and unusual punishment, all in violation of Federal, State and local law; and (m) failing to intercede on behalf of the plaintiff to prevent the aforesaid constitutional violations, despite having an opportunity to do so, but due to their intentional conduct, negligent conduct and/or deliberate indifference declined or refused to do so.

86.     As set forth above, each of the defendant police officers were aware of and/or personally participated in the deprivation of Plaintiff's rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and, with deliberate indifference to said rights, failed to take action to prevent further misconduct.

87.    The aforesaid acts of the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers named herein, were sufficiently serious to constitute violations of Plaintiff's First, Fourth, Fifth, Eighth and Fourteenth Amendment rights and directly and proximately damaged the plaintiff.

88.    That as a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and laws of the United States of America, and has been damaged thereby, actionable pursuant to 42 U.S.C. §1983.

89.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert fees, and disbursements pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF:
## 42 U.S.C. §§1985 AND 1986 CLAIMS AGAINST
## THE COUNTY OF NASSAU,  NASSAU COUNTY POLICE DEPARTMENT
## NASSAU COUNTY POLICE OFFICER CARL ARENA, NASSAU COUNTY POLICE
## OFFICER PETER J. ELLISON, LIEUTENANT VINCENT G. BOGDEN AND POLICE
## OFFICERS JOHN DOE 1-10

90.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through " 89 ", inclusive, of this Complaint, as if same were fully set forth herein at length.

91.    The defendant police officers, as well as other agents, servants and/or employees of the County and Nassau County Police Department, under the color of law, willfully conspired with one another to deprive the plaintiff of his constitutional rights, including but not limited to his right: (a) to be free from cruel and unusual punishment; (b) to be free from false arrest and false imprisonment; (c) to be free from unlawful searches and seizure; (d) to be free from conduct intended to intimidate and harass the plaintiff; (e) to equal protection of the law; (f) to equal

privileges and immunities under the law; (g) to associate and speak freely; (h) to occupy a private space; and (i) to have access to and seek redress in the courts.

92. It was part of said conspiracy that said defendants did cause and/or permit Plaintiff to be profiled, harassed, searched, arrested, detained and imprisoned.

93. It was part of said conspiracy that said defendants did fail to protect the plaintiff while he was in their custody and/or control.

94. In furtherance of the conspiracy and in order to cover up their unlawful conduct, said defendants: (a) contrived, drafted, executed and filed knowingly false official records and reports, including but not limited to criminal complaints, arrest reports, affidavits, and sworn statements regarding Plaintiff; (b) failed to report the unlawful conduct set forth herein although they were aware of same and were required to report it, thereby deliberately suppressing the truth; (c) arrested and imprisoned Plaintiff; and (d) gave official statements and/or testimony that was deliberately misleading, inaccurate and/or incomplete, for their own benefit.

95. The conspiracy to cover up the defendants' unlawful conduct spread amongst the defendant police officers named herein, as well as to other Nassau County Police officers and supervisors.

96. Under the oath of office and the written rules, regulations and procedures promulgated by the County and Nassau County Police Department, police officers and command personnel have an affirmative duty to intercede and prevent crimes and other misconduct committed by police officers and to report such conduct whenever they become aware of it.

97. As a result of said conspiracy and/or said defendants' furtherance of the conspiracy, Plaintiff has been injured and deprived of the rights, privileges and immunities afforded by the Constitution and statutes of the United States of America.

98.   Said defendants had knowledge that a 42 U.S.C. §1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

99.   With due diligence, said defendants could have promptly reported the aforesaid abuses to superiors and to duly authorized investigators. Their failure to do so contributed to the plaintiff suffering gratuitously, thereby exacerbating his pain and suffering and loss of liberty.

100.   Had said defendants complied with the law and furnished truthful information to authorities investigating the aforesaid abuses and officers' conduct, the §1985(3) conspiracy would not have succeeded to the extent that it did.

101   As a proximate and direct cause of said defendants' conduct, the plaintiff suffered physical, psychological and emotional injuries, pecuniary loss, and loss of liberty.

## THIRD CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

102.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "101", inclusive, of this Complaint, as if same were fully set forth herein at length.

103.   The defendant police, collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the County, Nassau County Police Department, which is known to be forbidden by the Constitution of the United States.

104.   That prior to January 29, 2014, the County, Nassau County Police Department, developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of the public, which caused the violations of the plaintiff s rights.

105. The County has tolerated the misconduct of the Nassau County Police Department, their agents, servants and employees, including but not limited to the defendant police officers, through their acts or omissions. These acts or omissions include, but are not limited to: (a) failing to develop and/or implement a policy on racial profiling that appropriately guides the actions of their officers and staff; (b) failing to train their officers and staff adequately to prevent the occurrence of misconduct; (c) failing to supervise their officers and staff adequately to prevent the occurrence of misconduct; (d) failing to monitor their officers and staff adequately who engage in or who may be likely to engage in misconduct; (e) failing to establish and/or implement a procedure whereby an individual's complaints or grievances are adequately investigated; (f) failing to adequately investigate incidents in which their officers unlawfully and improper stop and search the public; (g) failing to fairly and adequately adjudicate or review citizen complaints, and incidents in which their officer profile, and harass the general public: (h) failing to adequately discipline their officers and staff who engage in misconduct ; (i) failing to adequately investigate grievances and complaints of officers and staff harassment , indifference, brutality, racial profiling, and other misconduct, and inadequately punishing the subjects of those complaints which were substantiated; (j) tolerating acts of profiling, harassment, false arrest and false imprisonment by their officers and staff; (k) the Internal Affairs Bureau, Inspector General's Office and/or other supervisory and/or investigatory departments having substantially failed in their responsibilities to investigate officers and staff misconduct and discipline offenders; (l) having policies that operate to insulate their officers and staff who engage in criminal or other serious official misconduct from detection, prosecution , and punishment, and are maintained with deliberate indifference; and (m) allowing their officers and staff and their supervisors to engage in a pattern and practice of actively and passively covering up misconduct by fellow officers and staff, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the County, Nassau County Police Department.

106. The County's long-standing failure or refusal to supervise their officers, including supervisory staff and the defendant police officers, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuses alleged herein. It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

107.   The County's policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of officer misconduct over a period of years by supervisors and the officers they supervise.

108.   The County's failures and refusals to hold these supervisors and officers accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons in custody or detention.

109.   Through promotions and other financial and status incentives the County, and the Nassau County Police Department, have the power to reward supervisors and officers who perform their jobs adequately and to punish - or at the very least fail to reward - those who do not. These defendants' actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer abuse, neglect, or other misconduct, and fails to investigate incidents, in which a person's civil rights are violated by an officer, will suffer no damage to his or her career or financial penalty.

110.   The pattern of unchecked abuse by officers and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the County and/or Nassau County Police Department, to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against the public in general and the plaintiff in particular.

111.   The foregoing customs, policies, usages, practices, procedures and rules of the County and the Nassau County Police Department, constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

112.   The foregoing customs, policies, usages, practices, procedures and rules of the County, and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

113.    The foregoing customs, policies, usages, practices, procedures and rules of the County, and the Nassau County Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

114.    The aforesaid defendants, collectively and individually, while acting under the color of state and local law, were directly and actively involved in violating the plaintiff s constitutional rights.

115.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT CLAIMS

116.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "115", inclusive, of this Complaint, as if same were fully set forth herein at length.

117.    As set forth above, Plaintiff was falsely arrested, detained, restrained and imprisoned by the County, and the Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police, in violation of his rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

118.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

119.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "118" inclusive, of this Complaint, as if same were fully set forth herein at length.

120    As set forth above, Plaintiff was wrongfully, unlawfully, unjustifiably and maliciously prosecuted by the County, and the Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police, in violation of his rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

121.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursement pursuant to 42 U.S.C. §1988.

## PENDANT STATE CLAIMS

122.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with Nassau County and the Nassau County Police Department a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

123.    The County and the Nassau County Police Department has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

124.    The Plaintiff duly appeared for examinations pursuant to General Municipal Law 50 (h) before counsel for Defendants County of Nassau and the Nassau County Police Department on September 3, 2014.

125.    This action was commenced within one (1) year and ninety (90) days after the cause of action accrued.

126.    This action falls within one or more of the exceptions as outlined in CPLR § 1602.

## FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FALSE ARREST AND FALSE IMPRISONMENT

127.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "126", inclusive, of this Complaint, as if same were fully set forth herein at length.

128.    As set forth above, the County and Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police officers, detained, arrested and imprisoned the plaintiff without legal cause or justification.

129.    As set forth above, the defendant police officers falsely arrested and imprisoned the plaintiff.

130.    As set forth above, Plaintiff was wrongfully, unlawfully and unjustifiably arrested, detained, restrained, confined, imprisoned and deprived of his liberty against his will by the County and Nassau County Police Department, their agents, servants and employees, including but not limited to the defendant police officers.

131.    The aforesaid wrongful, unjustifiable and unlawful apprehension, arrest, detention, restraint, confinement and imprisonment of Plaintiff were carried out without legal cause or justification.

132.    The aforesaid wrongful, unjustifiable and unlawful apprehension, arrest, detention, restraint, confinement and imprisonment of Plaintiff were in violation of the Constitution and statutes of the State of New York, the New York State Human Rights Law, the New York Civil

Rights Law, the Nassau County Charter, and the rules, regulations and ordinances of the County of Nassau.

133. As a result of the foregoing, Plaintiff was subjected to humiliation, ridicule and disgrace, sustained economic loss, loss of liberty, and was otherwise injured and damaged.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### MALICIOUS PROSECUTION

134. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "133" inclusive, of this Complaint, as if same were fully set forth herein at length.

135. As set forth above, Plaintiff was wrongfully, unlawfully, unjustifiably and maliciously prosecuted by the County, and the Nassau County Police Department, their agents, servants and/or employees, including but not limited to the defendant police, in violation of the Constitution and statutes of the State of New York, the New York State Human Rights Law, the New York Civil Rights Law, the Nassau County Charter, and the rules, regulations and ordinances of the County of Nassau.

136. As a result of the foregoing, Plaintiff was subjected to humiliation, ridicule and disgrace, sustained economic loss, loss of liberty, and was otherwise injured and damaged. Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

137. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "I" through "136", inclusive, of this Complaint, as if same were fully set forth herein at length.

138.    As set forth above, the County and the Nassau County Police Department were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of their agents, servants and employees in that said persons lacked the experience and ability to be employed by the defendant(s); in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring the involved individuals who lacked the professional training, mental capacity and ability to function as employees of the defendant(s); in that the involved individuals lacked the maturity, sensibility and intelligence to be employed by the defendant(s); in that the defendants knew of the lack of ability, experience and maturity of the involved individuals when they hired them; in that the defendants, their agents, servants and/or employees, failed to suspend and/or terminate the involved individual(s) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

139.    The failure of the defendants to adequately train their agents, servants and employees, including but not limited to the involved individuals in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the Charter, rules and regulations of the County of Nassau, is evidence of the reckless lack of cautious regard for the rights of those persons in their custody and control, including the plaintiff herein, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

140.    The defendants knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees to engage in the wrongful conduct heretofore alleged herein.

141.    The defendants knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

142.    That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of these defendants' negligent conduct.

143.    The aforesaid acts of the County and Nassau County Police Department resulted in the plaintiff being harassed, intimidated, threatened, stopped, searched, arrested and imprisoned without legal cause or justification.

144.    The aforesaid negligent hiring, training, supervision and retention by the County, Nassau County Police Department resulted in the violation of Plaintiff's rights secured by the Constitution and statutes of the State of New York, New York Human Rights Law, New York Civil Rights Law, Nassau County Charter, and the rules, regulations and ordinances of County of Nassau.

145.    The aforesaid negligent hiring, training, supervision and retention by the County and/or the Nassau County Police Department resulted in the plaintiff being caused to experience severe physical, psychological and emotional injuries, pain and suffering, pecuniary loss, loss of liberty, and in other respects was damaged.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

146.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "145", inclusive, of this Complaint, as if same were fully set forth herein at length.

147.    The aforesaid acts of the defendants, acting individually and/or in conjunction with the other defendants, were intentional, malicious, excessive, and served no reasonable or legitimate security, policing or penological interest.

148.    The defendants' intentional, reckless and/or negligent infliction of emotional and mental distress constituted misconduct of an egregious nature that exceeds all bounds usually tolerated by society.

149. As a result of the foregoing, suffered severe physical, psychological and emotional injuries, pain and suffering, pecuniary loss, loss of liberty, and in other respects was damaged.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### NEGLIGENCE

150. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "149", inclusive, of this Complaint, as if same were fully set forth herein at length.

151. As set forth above, the defendants were negligent and the proximate cause of the injuries and damages suffered by the plaintiff.

152. As a result of the foregoing, suffered severe physical, psychological and emotional injuries, pain and suffering, pecuniary loss, loss of liberty, and in other respects was damaged.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *RESPONDEAT SUPERIOR*

153. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "152", inclusive, of this Complaint, as if same were fully set forth herein at length.

154. Inasmuch as agents, servants and employees of the County, Nassau Police, Nassau Sheriff and Armor were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, the County, Nassau Police, Nassau Sheriff and/or Armor are liable under the doctrine of *respondeat superior* for the tortious actions of their agents, servants and employees.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### PRIMA FACIE TORT

155.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "154" inclusive, of this Complaint, as if same were fully set forth herein at length.

156.   The aforesaid conduct of the County and the Nassau County Police Department, their agents, servants and employees, including but not limited to the defendant police officers, as well as their delays and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

157.   This aforesaid conduct of the County, Nassau County Police Department, their agents, servants and employees, including but not limited to the defendant police officers, resulted in the violation of Plaintiff s rights secured by the Constitution and statutes of the State of New York, the New York State Human Rights Law, the New York Civil Rights Law, the Nassau County Charter, and the rules, regulations and ordinances of the County of Nassau.

158.   As a result of the foregoing, suffered severe physical, psychological and emotional injuries, pain and suffering, pecuniary loss, loss of liberty, and in other respects was damaged.

### JURY DEMAND

159.   Plaintiff hereby demands a trial by jury of all issues in this matter.

## RELIEF

WHEREFORE, the plaintiff requests compensatory damages against all defendants in an amount to be determined at trial, punitive damages against the individual defendants in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
January 23, 2015

Respectfully submitted,

William P. Nolan, Esq.
*Attorney for Plaintiff*
1103 Stewart Avenue, Suite 220
Garden City, New York 11530
(516) 280-6633

## VERIFICATION

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NASSAU    )

BOBBY HAYES being duly sworn deposes and says:

That deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents thereof, that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes to be true.

X

Sworn before me
This 26th day of January, 2015

**WILLIAM P. NOLAN**
Notary Public, State of New York
No. 02N05070155
Qualified in Nassau County
Commission Expires Dec. 9, 20__

Exhibit A

Citation#

Arrest# 214AR0001086

ate / Time of Arrest 01/29/2014 at 16:50

**ORIGINAL**

OB
09/18/1979

Age
34

FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK AGAINST

    BOBBY J HAYES
    HOMELESS
    HEMPSTEAD NY 11550

Offense

240.20 (3)

IN THE STATE OF NEW YORK COUNTY OF NASSAU: PO CARL ARENA, SHIELD# \0071, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 29TH DAY OF JANUARY, 2014, AT ABOUT 4:48 PM, AT 719 HEMPSTEAD TPKE UNIONDALE, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAWSECTION(s) §240.20 (3) .

DISORDERLY
CONDUCT SUB
3

§ 240.20 DISORDERLY CONDUCT. A PERSON IS GUILTY OF DISORDERLY CONDUCT WHEN, WITH INTENT TO CAUSE PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM, OR RECKLESSLY CREATING A RISK THEREOF:
  1. HE ENGAGES IN FIGHTING OR IN VIOLENT, TUMULTUOUS OR THREATENING BEHAVIOR; OR
  2. HE MAKES UNREASONABLE NOISE; OR
  3. IN A PUBLIC PLACE, HE USES ABUSIVE OR OBSCENE LANGUAGE, OR MAKES AN OBSCENE GESTURE; OR
  4. WITHOUT LAWFUL AUTHORITY, HE DISTURBS ANY LAWFUL ASSEMBLY OR MEETING OF PERSONS; OR
  5. HE OBSTRUCTS VEHICULAR OR PEDESTRIAN TRAFFIC; OR
  6. HE CONGREGATES WITH OTHER PERSONS IN A PUBLIC PLACE AND REFUSES TO COMPLY WITH A LAWFUL ORDER OF THE POLICE TO DISPERSE; OR
  7. HE CREATES A HAZARDOUS OR PHYSICALLY OFFENSIVE CONDITION BY ANY ACT WHICH SERVES NO LEGITIMATE PURPOSE. DISORDERLY CONDUCT IS A VIOLATION.

N/A
VIOL

Sector
323

Prepared By
7272ARENA

TO WIT: On the aforementioned time, date and place of arrest, your deponent, a Nassau County Police Officer, did observed the defendant, Bobby J. Hayes in a public place. The defendant was stop for a narcotics investigation. The defendant was asked by your Deponent to explain his conduct and for any form of identification. The Defendant replied to the Officers " go fuck yourself ,you fucking white cracker cops, I ain't giving you shit" The officers again asked the defendant for his identification and to explain his conduct. The Defendant started to yell " fuck you , you can suck my cock". The Defendant continued to yell and scream " Fuck you , kiss my cunt". At this time a crowd started to gather . The Defendant with intent to cause public inconvenience did annoy and alarm others, did use abusive and obscene language in a public place. The crowded that gathered were a mix of elderly people and small children. The Officer's asked the Defendant to stop his violent behavior numerous times. The Defendant refused to comply. The defendant was still yelling profanity .The Officer's advised the Defendant that if he can not produce any form of identification he will be arrested. The defendant replied " I ain't giving you shit you can arrest my Nigger Ass".

\* ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

# DISTRICT COURT -- INFORMATION

Citation#
Arrest#  214AR0001086
Date / Time of Arrest 01/29/2014 at 16:50

CR#  214CR0004423
Return Date  01/30/2014
Court Docket _____  002055

DOB
09/18/1979
Age
34

Offense

240.20 (3)

DISORDERLY
CONDUCT SUB
3

N/A
VIOL

Sector
323

Prepared By
7272ARENA

_____
PO CARL ARENA

SUBSCRIBED BEFORE ME THIS
29TH DAY OF JANUARY 2014.

_____
LT VINCENT G BODEN

2014 J... GD  A... 7...

DISTRICT COURT
OF NASSAU CO...

Citation#
  Arrest# 214AR0001086
ate / Time of Arrest 01/29/2014 at 16:50

# ORIGINAL

## FIRST DISTRICT

### THE PEOPLE OF THE STATE OF NEW YORK AGAINST

    BOBBY J HAYES
    HOMELESS
    HEMPSTEAD NY 11550

)OB
)9/18/1979
Age
34

Offense

221.05

  UNLAW
POSS
MARIHUANA

N/A
VIOL

Sector
323

Prepared By
7272ARENA

IN THE STATE OF NEW YORK COUNTY OF NASSAU: PO CARL ARENA, SHIELD# \0071, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 29TH DAY OF JANUARY, 2014, AT ABOUT 4:50 PM, AT 719 HEMPSTEAD TPKE UNIONDALE, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAWSECTION(s) §221.05 .

§ 221.05 UNLAWFUL POSSESSION OF MARIHUANA. A PERSON IS GUILTY OF UNLAWFUL POSSESSION OF MARIHUANA WHEN HE KNOWINGLY AND UNLAWFULLY POSSESSES MARIHUANA. UNLAWFUL POSSESSION OF MARIHUANA IS A VIOLATION PUNISHABLE ONLY BY A FINE OF NOT MORE THAN ONE HUNDRED DOLLARS. HOWEVER, WHERE THE DEFENDANT HAS PREVIOUSLY BEEN CONVICTED OF AN OFFENSE DEFINED IN THIS ARTICLE OR ARTICLE 220 OF THIS CHAPTER, COMMITTED WITHIN THE THREE YEARS IMMEDIATELY PRECEDING SUCH VIOLATION, IT SHALL BE PUNISHABLE (A) ONLY BY A FINE OF NOT MORE THAN TWO HUNDRED DOLLARS, IF THE DEFENDANT WAS PREVIOUSLY CONVICTED OF ONE SUCH OFFENSE COMMITTED DURING SUCH PERIOD, AND (B) BY A FINE OF NOT MORE THAN TWO HUNDRED FIFTY DOLLARS OR A TERM OF IMPRISONMENT NOT IN EXCESS OF FIFTEEN DAYS OR BOTH, IF THE DEFENDANT WAS PREVIOUSLY CONVICTED OF TWO SUCH OFFENSES COMMITTED DURING SUCH PERIOD.

TO WIT: On the aforementioned date, time and place of occurrence, your Deponent, a Nassau County Police Officer observed the defendant Bobby J. Hayes, knowingly and unlawfully in possession of one clear plastic bag of a greenish-brown substance, which is believed to be marihuana. Your Deponent recovered the bag of marihuana from the defendant's right front pants pocket while being searched incident to a lawful arrest for Disorderly Conduct. In addition to your Deponents personal observation and recovery, the defendant stated to your Deponent, "it is only a bag of weed I just brought it so what".

Your deponent's belief that the substance is marihuana is based on his professional training in the Nassau County Police Academy, street narcotics enforcement training in the recognition of marihuana and packaging used to contain them, his numerous arrests for marihuana related offenses and his 28 years experience as a police officer.

* ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

2014 J

SUBSCRIBED BEFORE ME THIS
29TH DAY OF JANUARY 2014.

LT VINCENT G BODEN

Exhibit B

**DISTRICT COURT -- INFORMATION**

Citation#
Arrest# 214AR0001086

ate / Time of Arrest 01/29/2014 at 16:50

CR# 214CR0004423
Return Date 01/30/2014
Court Docket _____ 002055

# ORIGINAL

FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK AGAINST

> BOBBY J HAYES
> HOMELESS
> HEMPSTEAD NY 11550

OB
9/18/1979

ge
34

Offense

205.30

RESISTING
ARREST

A
MISDEM

IN THE STATE OF NEW YORK COUNTY OF NASSAU: PO PETER J ELLISON, SHIELD# \0761, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 29TH DAY OF JANUARY, 2014, AT ABOUT 4:48 PM, AT 719 HEMPSTEAD TPKE UNIONDALE, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAWSECTION(s) §205.30 .

§ 205.30 RESISTING ARREST. A PERSON IS GUILTY OF RESISTING ARREST WHEN HE INTENTIONALLY PREVENTS OR ATTEMPTS TO PREVENT A POLICE OFFICER OR PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON. RESISTING ARREST IS A CLASS A MISDEMEANOR.

Sector
323

Prepared By
7272ARENA

TO WIT: On the aforementioned time, date and place of occurrence, your Deponent, a Nassau County Police Officer, while performing a narcotic investigation and a Disorderly Conduct arrest. The defendant was asked by your Deponent to explain his conduct and for any form of identification. The Defendant replied to the Officers " go fuck yourself ,you fucking white cracker cops, I ain't giving you shit" The officers again asked the defendant for his identification and to explain his conduct. The Defendant started to yell " fuck you , you can suck my cock". The Defendant continued to yell and scream " Fuck you , kiss my cunt". At this time a crowd started to gather . The Defendant with intent to cause public inconvenience did annoy and alarm others, did use abusive and obscene language in a public place. The crowded that gathered were a mix of elderly people and small children. The Officer's asked the Defendant to stop his violent behavior numerous times. The Defendant refused to comply. The defendant was still yelling profanity .The Officer's advised the Defendant that if he can not produce any form of identification he will be arrested. The defendant replied " I ain't giving you shit you can arrest my Nigger Ass". The defendant stated that " I ain't giving you shit you can arrest my Nigger Ass". The Officers attempted to place the Defendant into custody. The Defendant started to swing his arms and upper body and pull his arms away from the Officers and refuse to place his hands behind his back. This action by the Defendant did attempt to prevent the Officers from effecting an authorized arrest of himself. The Officers told the Defendant numerous times to stop resisting arrest but the Defendant refused your Deponents commands. Finally the Officers were able to place the Defendant into custody.

⁎ ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

SUBSCRIBED BEFORE ME THIS
29TH DAY OF JANUARY 2014.

_____
PO PETER J ELLISON

_____
LT VINCENT G BODEN

100% Recycled   30% PCW

Exhibit C

Office of the
# Nassau County District Attorney
262 Old County Road
Mineola, NY 11501
Phone: 516-573-7051

Kathleen M. Rice
District Attorney

NOTICE PURSUANT
TO CPL 710.30(1)(a)

THE PEOPLE OF THE STATE OF NEW YORK
against

BOBBY J. HAYES,

Defendant

Docket No. 2014NA $00\ 2055$

Date Served: January 30, 2014

By ADA: Genser / Chester

Please take notice that statements in the form noted below were made by the defendant, other than in the course of the criminal transaction, to a public servant engaged in law enforcement activity or to a person then acting under the direction of or in cooperation with such a public servant. Please take further notice that the People intend to offer evidence of the below statement(s) of the defendant on the People's direct case at trial of this action. A transcript of any stenographically recorded statement(s) or copies of any written statement(s) are either appended or will be made available to counsel at a mutually convenient time. A copy of any electronically recorded statement(s) will be provided to counsel following receipt of an appropriate blank medium for copying.

Form of Statement:  ☑ Oral   ☐ Written   ☐ Video   ☐ Other

Date: 1/29/2014

Time: 17:30

Place: Third Precinct, NCPD

To Whom Made: PO Peter Ellison

Substance of Statement: Fuck You Cops, I hate all white cops, I will google your names and find out where you live.

You don't know who you're fucking with, I'm a made man, I got guns and I'll hunt you down, and kill you motherfuckers.

I hate all you white cops, you're gonna die motherfucker.

Wait your white fuck, I will get you next week on the street, look at my record, I'm the real deal, you don't know who you're fucking with, I'm gonna kill you.

Form of Statement:  ☑ Oral   ☐ Written   ☐ Video   ☐ Other

Date: 1/29/2014

Time: 17:25

Place: Third Precinct, NCPD

To Whom Made: PO Carl Arena

Substance of Statement: Fuck you Cops. I hate all white Cops. I will goggle your names and find out where you live.

You don't know who you're fucking with, I'm a made man, I got guns and I'll hunt you down and kill you motherfuckers.

Wait your white fuck, I will get you next week on the street, look at my record, I'm the real deal, you don't know who you're fucking with, I'm gonna kill you.

Form of Statement: ☑ Oral    ☐ Written    ☐ Video    ☐ Other

Date: **1/29/2014**

Time: **20:35**

Place: **Wnthrop University Hospital**

To Whom Made: **PO Peter Ellison**

Substance of Statement: **Nurse, I've been having chest pains for 4 months, I didn't want to sit in any cell tonight so fuck the cops, they can take me to the hospital and I can sit here instead.**

Form of Statement: ☑ Oral    ☐ Written    ☐ Video    ☐ Other

Date: **1/29/2014**

Time: **16:48**

Place: **r/o 719 Hempstead Turnpike, Uniondale, NY**

To Whom Made: **PO Carl Arena**

Substance of Statement: **Fuck you, you can suck my cock. Go fuck yourself, you fucking white cracker cops, I ain't giving you shit.**

**Fuck you, kiss my cunt.**
**Fuck you , you can suck my cock.**

Exhibit D

DISTRICT COURT : NASSAU COUNTY

FIRST DISTRICT : ARRAIGNMENT A
-------------------------------- -X
THE PEOPLE OF THE STATE OF NEW YORK,

      -AGAINST-               INDEX NO.2014NA002055

BOBBY HAYES,
          DEFENDANT.
-------------------------------- -X

                  Januaray 30, 2014
                  Hempstead, New York

      B E FO R E :    HON. GARY KNOBEL
                     DISTRICT COURT JUDGE

A P P E A R A N C E S :

                HON. KATHLEEN M. RICE
                NASSAU DISTRICT ATTORNEY
                99 Main Street
                Hempstead, NY
                BY: Melissa Lewis, Esq.

                KENT MOSTON, ESQ.
                NASSAU LEGAL AID SOCIETY
                FOR THE DEFENDANT
                1 Helen Keller Way
                Hempstead, NY
                BY: Alexander Gann, ESQ.

                MINUTES OF ARRAIGNMENT

                REPORTED BY:
                CYNTHIA FAVATA
                OFFICIAL COURT REPORTER

1        THE CLERK:  Bobby Hayes.

2        MS. GANN:  Waive a public reading of the

3   accusatory instrument, preserve the right to challenge the

4   sufficiency of the Information, demand a jury trial, enter

5   plea of not guilty and request the case be adjourned for

6   conference.

7        My client will be retaining counsel  I ask after this

8   court date, just handing my notice of appearance to the

9   court.

10       On the issue of custody, your Honor, my client is 34

11   years old, currently resides in Hempstead.  He has been

12   living in Hempstead for the past 23 years.  He has two

13   children, is joined at the rail today by his wife and his

14   father-in-law.  Currently works as a plumber for All Systems

15   Maintenance in Bohemia.

16       He does completely deny these allegations and I would

17   like to point out, although I do recognize prior contacts,

18   the last conviction was back in 2007, about seven years ago

19   now.  For these reasons I would request that you release him

20   on his own recognizance or to the custody of probation.

21       THE COURT:  Okay.  Thank you.  People?

22       MS. LEWIS:  For the People, ADA Melissa Lewis.

23   Your Honor, the People have filed and served 710.30 1 - -

24       THE COURT:  Hold on, hold on.  I need your name

25   again, please.  That was a little too fast for me.

1    MS. LEWIS: Melissa Lewis, L E W I S.

2    THE COURT: Okay. Thank you. Counsel, you may

3    continue.

4    MS. LEWIS: Thank you, your Honor. The People

5    filed and served 710.30 1a as well as CPL 250.20, 240.30

6    Notice on defendant.

7    Without reading it on the record, I would like to

8    direct your attention to the 710.30 Notice and I would like

9    you to take notice of the defendant's oral statements.

10    THE COURT: I have. Thank you.

11    MS. LEWIS: Thank you. The allegations in this

12    case, your Honor, are that during the arrest process the

13    defendant did threaten the police officers multiple times,

14    indicating that he was going to kill them. He was going to

15    find them, he was going to find their home address and their

16    family. Because of the seriousness of the crime as well,

17    your Honor, the defendant's past criminal history, he is a

18    P.F.O. and I would note that was for a loaded weapons

19    charge, he was sentenced on this case, he served upstate

20    time and then violated his parole on this matter, has

21    multiple prior contacts, which all include - - which many

22    include forms of violence. Resisting arrest, escape. He

23    has warranted on many of his past contacts and, again, I do

24    note that he is a P.F.O. Your Honor, based on these

25    factors, we're asking for $50,000 bail. I recognize it is a

1  misdemeanor, however, again, I direct your attention to the

2  NYSIID and the allegations in this case.

3      MS. GANN: Your Honor, I would also like to point

4  out that these allegations are that he made statements to

5  the police officer, but is unknown what he was under arrest

6  for at the time these alleged statements happened. There

7  was no reason to search him. They did not - - and these

8  statements were made to the police officer after he was put

9  under arrest, but it is known what he was put under arrest

10  for.

11      MS. LEWIS: Your Honor, he was placed under arrest

12  when police officers observed a hand-to-hand drug

13  transaction.

14      THE DEFENDANT: What?

15      THE COURT: Oh, okay. Legal aid is assigned. He

16  is going to have his own attorney.

17      THE CLERK: He is, Judge.

18      THE COURT: Okay. With respect to bail, bail is

19  set in the sum of $20,000 bond, $10,000 cash.

20      THE DEFENDANT: What? I got a job; I didn't even

21  do anything. This is fucking crazy, man. I got it on tape

22  too.

23      THE CLERK: This is going to Part 2. That's going

24  to be on February 3.

25      THE DEFENDANT: Go to A.P., get the tape, bring it

1     to Miss Lewis.  Go get the tape.

2           *        *      *

3     I hereby certify that the above and foregoing is a true and

4 accurate transcription of my stenographic notes.

5

6 _Cynthia F. Ock_

7 CYNTHIA FAVATA

8 OFFICIAL COURT REPORTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit E

```
 1   DISTRICT COURT OF NASSAU COUNTY
     FIRST DISTRICT:   PART C-2
 2   ---------------------------------------X

 3   THE PEOPLE OF THE STATE OF NEW YORK
                                             Index
 4                    -against-             NA002055/2014

 5                                          Adjournment

 6   BOBBY HAYES,

 7                          Defendant.
     ---------------------------------------X
 8                           99 Main Street
                             Hempstead, N.Y. 11550
 9
                             February 7, 2014
10

11
     B E F O R E:          HON. DAVID GOODSELL
12                         District Court Judge

13

14   A P P E A R A N C E S:

15
     For the People      HON. KATHLEEN M. RICE, ESQ.
16                       Nassau County District Attorney
                         BY: STEVEN SCHWARTZ, ESQ.
17                           Assistant District Attorney

18
     For the Defendant   WILLIAM S. PETRILLO, P.C.
19                       11 Clinton Avenue
                         Rockville Centre, New York
20

21

22
     ANDREA RASO
23   Official Court Reporter

24

25
```

Proceedings

1    THE CLERK: Number 40, Bobby Hayes.

2    MR. PETRILLO: William Petrillo, 11

3  Clinton Avenue, Rockville Centre, New York.

4    MR. SCHWARTZ: For the District Attorney,

5  ADA Steven Schwartz.

6    MR. PETRILLO: Your Honor, this case was

7  on the Court's calendar for this morning. It

8  was advanced until today at our request. Since

9  coming onto this case I have conferenced this

10  case with Mr. Schwartz this morning. I shared

11  with him the videotape of the alleged incident

12  in question. Specifically, Mr. Hayes is

13  charged with resisting arrest, and the basis

14  for the charge is an alleged disorderly

15  conduct. If you look at the 710.30 notice in

16  the complaint there is some nasty language,

17  some inflammatory language which is attributed

18  to Mr. Hayes, which you know was allegedly

19  stated to the police. And if you read the

20  misdemeanor complaint you will see that it is

21  alleged that he flailed his arms and refused to

22  cooperate, that they finally were able to

23  restrain him and he is charged with resisting

24  arrest. Nothing can be further from the truth.

25  The truth in this case, as depicted by the

Proceedings

1    videotape, is that none of those things

2    happened, none of them.  He was approached for

3    no reason.  The officers did not like, I

4    assume, that he would not tell them his last

5    name.  They fabricated a charge of disorderly

6    conduct in their efforts to fabricate any

7    thought of the most inflammatory language

8    showing which things were attributed to him.

9    We interviewed people from the barber shop that

10   said none of it is true.  And the resisting

11   arrest, the video from several feet away, shows

12   when he is told we have to arrest you for

13   disorderly conduct he put his hands behind his

14   back and he is arrested, never resisted.

15        Mr. Hayes is innocent.  He did not commit

16   these acts.  Our application is to have him

17   ROR'd.

18        THE COURT:  People?

19        MR. SCHWARTZ:  Yes, your Honor.

20        The amount of bail, which is fairly high,

21   speaks to the fact that there were threats made

22   to the police officers.  That is not really

23   reflective on the videotape.  However, the

24   conduct of the defendant in which he is asked,

25   that he is being told he is under arrest, he

Proceedings

1     properly turns around, puts his hands behind

2     his back, is handcuffed and taken away, does

3     not seem to be consistent with the narrative

4     written out by the police officers.  And even

5     though the inflammatory conduct would not be on

6     the videotape gives enough pause in that the

7     People are recommending to this Court that the

8     defendant be ROR, and that the People are also

9     going to inform the Court we will investigate

10    whether or not this prosecution should even

11    proceed at all as to the rest of the charges.

12        THE COURT:  I will grant the application

13    to reduce the defendant's bail in its current

14    status to ROR status and release the defendant

15    ROR, and I will put the matter over to February

16    20th for the People to conduct whatever

17    investigation they deem appropriate and for a

18    further conference on that date.

19        MR. PETRILLO:  Just, a couple of things.

20        Mr. Hayes has been in now for a week.

21    Because of the allegations of allegedly

22    threatening the police he has been placed in a

23    23 hour lock-up, in shackles, as though he was

24    a danger.  Based upon the allegations I don't

25    know if the Court has control of the commit

Proceedings

1   papers.  Although if the Court RORs him I am

2   told that there maybe a hold on him and that

3   hold maybe from an open container in Brooklyn.

4   He may have appeared in court and may have not

5   appeared after that.  I don't know if it is

6   possible this could be the basis for the hold

7   and because of that even though the Court is

8   RORing him he may be held in custody until he

9   is transferred to Brooklyn to take care of the

10  violation of the open container, which I don't

11  know if the papers can be marked.  Can we get

12  him off the 1023 hour lock up and shackles?  We

13  make that request.

14       Secondly, the People just represented that

15  the inflammatory remarks may or may not be on

16  the video.  I don't think we know that.  I

17  don't think the People have interviewed the

18  police yet.  It is our position that those

19  remarks were, in fact, never made on or off the

20  video and I want the record to be complete.

21       THE COURT:  This is not the time.  We will

22  make a determination about the underlying

23  facts.  You have provided sufficient

24  information to me to make a decision with

25  regard to the bail status.  I don't know that I

6

Proceedings

1   can make any representation that would be bound

2   on the Sheriffs Department with regard to the

3   detention status other than the ROR.  The fact

4   is there is a hold and there is a procedure

5   with regard to that and certainly you are

6   capable of taking whatever action should the

7   procedure not be followed with regard to that

8   issue.  The determination is to how the

9   defendant is to be held is beyond, I believe,

10   my control at this stage in terms of particular

11   conduct or the manner in which the custody is

12   retained on.  It is my direct order that he be

13   released.  I expect it to take place today

14   unless there is some legal reason he cannot be

15   released today.

16        MR. PETRILLO:  My office will contact the

17   Sheriff.  We are not taking the time.

18        It will be People's time?

19        THE COURT:  I am not making a

20   determination.  You have made your record.

21        MR. PETRILLO:  We are ready for trial.

22        THE COURT:  Okay, February 20th.

23        Take charge.

24        MR. PETRILLO:  Thank you.

25             *    *    *    *    *

Proceedings

1          Certified to be a true and accurate record

2    of the within proceedings.

3          _____

4                    Andrea Raso
                      Official Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   DISTRICT COURT OF NASSAU COUNTY
    FIRST DISTRICT:   PART C-2
2   ---------------------------------------X

3   THE PEOPLE OF THE STATE OF NEW YORK
                                            Index
4                  -against-               NA002055/2014

5

6   BOBBY HAYES,

7                           Defendant.
    ---------------------------------------X
8                           99 Main Street
                            Hempstead, N.Y. 11550
9
                            February 20, 2014
10

11
    B E F O R E:           HON. DAVID GOODSELL
12                         District Court Judge

13

14  A P P E A R A N C E S:

15
    For the People        HON. KATHLEEN M. RICE, ESQ.
16                         Nassau County District Attorney
                           BY: STEVEN SCHWARTZ, ESQ.
17                             Assistant District Attorney

18
    For the Defendant     WILLIAM S. PETRILLO, P.C.
19                         11 Clinton Avenue
                           Rockville Centre, New York
20

21

22
    ANDREA RASO
23  Official Court Reporter

24

25

Proceedings

1          THE CLERK:  Number 40, Bobby Hayes.

2          MR. PETRILLO:  William Petrillo, 11

3    Clinton Avenue, Rockville Centre, New York.

4          MR. SCHWARTZ:  Steven Schwartz, ADA for

5    the People.

6          THE COURT:  People's application?

7          MR. SCHWARTZ:  Yes, your Honor.

8          At this point the People are moving to

9    dismiss under 170.31F.  We believe at this

10   point we cannot sustain our trial burden of

11   proof beyond a reasonable doubt.

12         THE COURT:  Counsel, do you wish to be

13   heard?

14         MR. PETRILLO:  Just to add to that it has

15   been our position from day one, and our

16   position on the record the last time, and our

17   position today, and by the People's application

18   to dismiss, that Mr. Hayes is in fact actually

19   innocent of the charges against him.  The

20   charges against him are false, fabricated, made

21   up.  None of it is real.  It is all fantasy and

22   we join in the People's application.

23         THE COURT:  Based upon the application of

24   the prosecution I will grant the motion to

25   dismiss.

Proceedings

1          Mr. Hayes, the case is dismissed.

2          THE DEFENDANT:   Thank you.

3          MR. PETRILLO:   Thank you.

4                  *     *     *     *     *

5          Certified to be a true and accurate record

6     of the within proceedings.

7          _____

8                       Andrea Raso
                         Official Court Reporter
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BOBBY HAYES

**(b)** County of Residence of First Listed Plaintiff    NASSAU
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
WILLIAM P. NOLAN, ESQ.
1103 STEWART AVENUE, SUITE 200
GARDEN CITY, NEW YORK 11530    (516) 280-6633

### DEFENDANTS
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU POLICE OFFICER CARL ARENA, NASSAU COUNTY POLICE OFFICER PETER J. ELLISON, ET AL

County of Residence of First Listed Defendant    NASSAU
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983
Brief description of cause:
FALSE ARREST, FALSE IMPRISONMENT AND 42 USC 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE   1/20/15
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, WILLIAM P. NOLAN                , counsel for BOBBY HAYES          , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

    ☒     monetary damages sought are in excess of $150,000, exclusive of interest and costs,

    ☐     the complaint seeks injunctive relief,

    ☐     the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)    Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: NO

2.)    If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? YES

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? YES

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
    ☒  Yes         ☐  No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
    ☐  Yes  (If yes, please explain)  ☒  No

I certify the accuracy of all information provided above.

Signature:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| BOBBY HAYES | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY POLICE OFFICER CARL ARENA, NASSAU COUNTY POLICE OFFICER PETER J. ELLISON, et al | ) ) ) ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* COUNTY OF NASSAU
NASSAU COUNTY POLICE DEPARTMENT
NASSAU COUNTY POLICE OFFICER CARL ARENA
NASSAU COUNTY POLICE OFFICER PETER J. ELLISON
LIEUTENANT VINCENT G. BODGEN
NASSAU COUNTY ATTORNEY'S OFFICE ONE WEST STREET, MINEOLA,NY 11023

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: WILLIAM P. NOLAN, ESQ.
1103 STEWART AVENUE, SUITE 200
GARDEN CITY, NEW YORK 11503
(516) 280-6633

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*